WAY, Respondent, v. HILL, et al, Appellants.

(171 N. W. 206).

(File No. 4460.   Opinion filed March 12, 1919.)

1.   **Redemption—Execution Sale—Successive Sales, Intermediate Payments—Amount Necessary to Redeem—Suit to Redeem, Whether One For Accounting.**

Where purpose of the suit was to redeem certain realty from an execution sale; it appearing there had been a prior sale, with intervening cash payments, and a subsequent payment of interest and taxes for extension of period of redemption, **held,** that the suit was not one in equity for an accounting, but was one to redeem from an execution sale; that while the right to redeem depends upon application of numerous payments requiring computation, yet, there being no allegations that payments not credited thereon have been made, the question involved is whether the payments alleged and admitted, together with an amount tendered, entitle plaintiff to an award of redemption from second execution sale.

2.   **Same—Execution Sale—Period of Redemption, Power of Equity Court to Extend, To Prescribe Mode of Exercising Right to Redeem—Jurisdiction Re Excusable Mistake in Seeking Redemption, Re Equitable Estoppel.**

Even an equity court has no power to extend period of redemption, or to prescribe a mode of exercising statutory right to redeem in other than statutory manner; but this rule does not deprive courts of equitable jurisdiction and power to control legal rights of creditor and redemptioner under rules of equitable jurisprudence applicable to excusable mistake in at-

tempts' in good faith, to exercise legal rights or where acts of parties give rise to an estoppel against exercise or denial of such rights. An equity court may enforce the right when shown to exist, and in proper case declare an estoppel against denial of the right, even after expiration of statutory period.

3. **Same—Execution Sales, Successive Payments, Costs Re Sale Not Alleged, Total Known Credits Insufficient, Debtor's Right, Creditor's Claim and Deed**

Where, in a suit to redeem land from the last of a series of execution sales, with intermediate cash payments, there being no allegations of the costs incident to a preceding sale; it appearing that the total admitted and accepted credits and payments is less than the amount necessary to redeem; held, that a court of equity is still confronted with question if an execution creditor will be permitted to accept and retain partial payments on redemption, denying debtor right to redeem, and claim deed under the last sale, and debtor having made a tender in the suit of a supposed balance due, he will be decreed the right to redeem, even though the statutory period for redemption has expired.

4. **Same—Execution Sale—Creditor, Whether Required to Accept Partial Payments—Sheriff's Authority—Statute.**

While it may be that under the statute the sheriff is without authority to accept partial payments upon a redemption, (a point not determined) held, an execution creditor is not required to accept partial payments; but is not inhibited therefrom by the statutes.

5. **Same—Statutory Period, For Whose Benefit Enacted—Right to Deed, Waiver by Creditor, When Amounting to Estoppel—Debtor's Duty to Redeem Through Equity.**

The statute limiting period within which judgment debtor may redeem was enacted for benefit of judgment creditor; and right to a deed upon expiration of statutory period is one he may waive. Held, further, that when waived by contract, or by acts inconsistent with exercise of statutory right, such waiver amounts to an absolute estoppel against exercise of the right, providing debtor without undue delay seeks aid of equity to enforce his right to redeem.

6. **Pleadings—Estoppel—Pleading Facts But Not In Terms, Effect on Demurrer.**

An estoppel is properly pleaded, where, on demurrer to the pleadings, it appears that while not pleaded in terms, the facts upon which the estoppel arises are pleaded.

7. **Pleadings—Suit to Redeem—Insufficient Payments Alleged Redemption Period Expired, Costs on Sale Not Alleged—Unconscionable to Interpose Statute, Effect.**

Where, in a suit to redeem from the last of two execution

sales, the complaint alleges intermediate payments, but fails
to allege amount of costs incurred in second sale, but discloses
that redemption period has expired, **held**, upon demurrer to
complaint, disclosing facts showing it would be unconscionable
to permit bar of statute to be set up against right to redeem,
and to permit defendants to obtain title through sheriff's deed,
while retaining such payments, that complaint is good.

Appeal from Circuit Court, Codington County. HON W. N.
SKINNER, Judge.

Action by Minnie G. Way, against Rodney Hill and others,
to redeem from an execution sale. From an order overruling a
demurrer to the complaint, defendants appeal. Affirmed.

*Case & Case*, for Appellants.

*Sherin & Sherin*, for Respondents.

(1) To point one of the opinion, Respondent cited:

Wagner v. Abrahams, S. D. 168 N. W. 762.

(3) To point three, Appellants cited:

Art. 5, Chap. 13, Code Civ. Proc.; R. C. L. Vol. 10, 1344,
1349; Lynch v. Burt 132 Fed. 432; State ex rel Forest Lake State
Bank, v. Herman, (N. D.), 161 N. W. 1017.

SMITH, P. J. Appeal from an order overruling demurrer
to plaintiff's complaint on the ground that the complaint does not
state facts sufficient to constitute a cause of action, or to entitle
plaintiff to the relief demanded. The action is to redeem certain
real property from a sale on execution. The complaint alleges
that on November 24, 1911, M. E. Hill, one of the defendants,
recovered judgment in the circuit court of Walworth county
against plaintiff, Minnie G. Way, for the sum of $3,819.58; that
an execution was issued on said judgment on December 11, 1911,
and levied upon certain property which was sold for a sum,
which, after payment of costs of sale, left a net balance of
$542.75 to be applied and credited on said judgment. The com-
plaint also alleged cash payments on said judgment, stating dates
and amounts of payments, consisting of numerous items. The
complaint also alleges that on February 26, 1916, certain property
of plaintiff was duly levied upon, and on March 30, 1916, was
sold under another execution issued on said judgment, for the
sum of $2,640; that on March 28, 1917, plaintiff paid to the
sheriff the sum of $223.30 as interest on said judgment and taxes
due on said land, whereby the date of redemption was extended

to March 30, 1918. The complaint further alleges that the total sum due on said judgment, including the amount due on said sheriff's certificate of sale, amounts to $5,673.61, "leaving a balance of $117.71 due on said debt, which plaintiff has tendered and hereby tenders to defendants."

[1] Plaintiff's counsel in their argument and brief denominate this action an action in equity for an accounting. Plainly it is, and can only be considered as an action to redeem from an execution sale. The right to redeem depends upon the application of the numerous payments alleged, which require computation and application. In no other sense is this an action for an accounting. The complaint alleges specifically, with dates, the items of cash payments to Case as attorney for Hill, and that they were to be applied upon the judgment. There is no allegation that other payments have been made which have not been credited thereon. The plaintiff's statement of payments stands admitted by the demurrer, and the question discussed by counsel is whether the payments so alleged and admitted, together with the amount tendered, entitle the plaintiff to a decree awarding a redemption from the second execution sale.

[2] As we view the allegations of the complaint, it is unnecessary to consider whether a tender in court without a proper offer to redeem, and deposit in a reputable bank, would be sufficient to work a redemption. Even an equity court has no power to extend the period of redemption, or to prescribe a mode of exercising the statutory right of redemption in a manner other than that provided in the statute. But this rule does not deprive courts of their equitable jurisdiction and power to control the legal rights of both creditor and redemptioner under settled rules of equity jurisprudence applicable in cases of excusable mistake in attempts in good faith to exercise legal rights, or where acts of the parties give rise to an estoppel against the exercise or denial of such rights. Loomis v. Nat. Supply Co., 99 Kan. 279, 161 Pac. 627. A court, in the exercise of its equity powers, may enforce the right when shown to exist, and in a proper case may decree an estoppel against a denial of the right, even after the expiration of the period named in the statute. A computation of the amount due after the first execution sale, as shown by the items alleged to have been paid, discloses that there remained due on the

judgment, after crediting the amount realized on the first execution sale, the sum of $3,331.79.

[3-6] Applying the rule of computing interest on partial payments on the items alleged to have been paid prior to that date, there was due on the judgment on March 30, 1916, before the second sale, the sum of $2,056.35. The property in dispute was sold to W. E. Hill for $2,640, an amount approximately $583.65 in excess of the balance then due on the judgment. The amount of costs accruing on this sale is not alleged, but we can hardly assume that they aggregate the sum of $583.65 thus unaccounted for. Any part of this sum remaining in the hands of W. E. Hill, and not expended for costs of sale, should be accounted for, and, in equity and justice, should be applied upon the redemption. Payments made subsequent to the second execution, and alleged to have been made on the redemption, amount to $2,282.66. The demurrer to the complaint admits that defendants have accepted this sum in the form of partial payments upon the amount necessary to redeem, and if it be assumed that the aggregate of these payments is less than the amount necessary to redeem, we are yet confronted with the question whether in a court of equity an execution creditor will be permitted to accept and retain partial payments on redemption, deny the debtor's right to redeem, and claim a deed under the execution sale. It may be that under the statute the sheriff is without authority to accept partial payments upon a redemption. We do not decide that point, as it is not involved in this case. An execution creditor is not required to accept partial payments, but nothing in the statute inhibits him from accepting such payments. The statute limiting the period within which the judgment debtor may redeem was enacted for the benefit of the judgment creditor, and the right to a deed upon the expiration of the period named in the statute is one. which may be waived by him. Civ. Code, § 2412; State v. Ham, 24 S. D. 639, 124 N. W. 955, Ann. Cas. 1912A, 1070. When waived by contract, or by acts inconsistent with the exercise of the right conferred by the statute, such waiver amounts to an absolute estoppel against the exercise of the right, provided the debtor without undue delay seeks the aid of a court of equity to enforce his right to redeem. Turple v. Lowe, 158 Ind. 314, 62 N. E. 484, 92 Am. St. Rep. 310; Tice v. Russell, 43 Minn. 66, 44 N.

W. 886; Lock v. Edmunson, 60 Tenn. (1 Baxt.) 282; Lucas v. Nichols, 66 Ill. 41; Spath v. Hankins, 55 Ind. 155. It is true that in this case an estoppel is not pleaded in terms; but it is equally true that the facts upon which such an estoppel arises are pleaded, and are admitted by the demurrer.

[7] Appellant's contention is that the facts alleged in the complaint fail to show that plaintiff is entitled to a decree awarding the right to redeem. This contention is based wholly upon the theory that the payments alleged in the complaint do not aggregate an amount equal to the sum necessary to redeem, and that the period of redemption has expired. It is true that the complaint contains no allegation as to the amount of costs incurred in the second sale, and for that reason it may be impossible by a mathematical computation to determine whether the defendants have received the full amount necessary to redeem, but the complaint does disclose facts which show that it would be inequitable and wholly unconscionable to permit the defendants to interpose the statutory period of redemption as a bar to the right to redeem, permit them to obtain title to the real property through the sheriff's deed, and at the same time retain payments made upon redemption.

The order of the trial court is therefore affirmed.