SCHMIDT, Appellant, v. GUNSALUS, Respondent.

(209 N. W. 341.)

(File No. 5443.   Opinion filed June 19, 1926.)

1.  Mortgages—Statutes—Notice of Foreclosure of Mortgage Dated March 5th, Describing It as Dated March 9th, Held Not a Compliance With Statute Requiring Notice to Set Out Date of Mortgage (Rev. Code 1919, § 2880).

    Notice of foreclosure of mortgage dated March 5th, describing mortgage as dated March 9th, is not a compliance with Rev. Code 1919, § 2880, requiring notice to set out date of mortgage, which provision is to be strictly complied with.

2.  Courts—Obiter Dictum.

    Court is not bound by statements which are mere obiter dictum.

3. **Mortgages—Giving of Date When Mortgage Was Recorded Does Not Cure Erroneous Statement as to Date of Mortgage in Notice of Foreclosure (Rev. Code 1919, § 2880).**

Under Rev. Code 1919, § 2880, requiring notice of foreclosure of mortgage to state date of mortgage, giving of date when mortgage was recorded is not sufficient to cure erroneous statement as to date of mortgage.

Note.—See, Headnote **(1)** and **(3)**, American Key-Numbered Digest, Mortgages, Key-No. 354, 27 Cyc. 1467; **(2)** Courts, Key-No. 92, 15 C. J. Sec. 344.

Appeal from Circuit Court, Sully County; Hon. John F. Hughes, Judge.

Action by Herman P. Schmidt against B. E. Gunsalus. From a judgment for defendant and denial of motion for new trial, plaintiff appeals. Reversed.

*Howard G. Fuller,* of Pierre, for Appellant.
*D. J. O'Keeffe,* of Pierre, for Respondent.

MORIARTY, C. The appellant brought this action to quiet title to a quarter section of land in Sully county.

The facts involved are as follows:

Appellant mortgaged the land in controversy to the respondent, and has remained the holder of record title thereof at all times since executing said mortgage. Respondent attempted to foreclose said mortgage by advertisement, and on July 9, 1921, the sheriff of Sully county issued to respondent a sheriff's certificate reciting that respondent had purchased the land at the foreclosure sale held on that date. Appellant began this action within one year after the date of the certificate and seeks to have the foreclosure declared invalid and the record of the sale certificate canceled as a cloud upon his title.

[1] In the notice of foreclosure, as published, the mortgage was described as dated March 9, 1919, while it was actually dated March 5, 1919, and the sufficiency of such notice is the only question involved in the case.

The trial court held the foreclosure to be valid, and from the judgment and the denial of his motion for a new trial this appeal is taken.

Section 2880, Revised Code of 1919, requires the notice of foreclosure to give among other things, the date of the mortgage. As stated above, the notice involved in this case failed to give the actual date of the mortgage, and gave an incorrect date. Respondent's counsel argue that any defect arising from this incorrect statement as to the date of the mortgage was cured by the fact that the notice gave the correct date of recording, and they cite the decision of this court in Gillette v. Abrahams, 42 S. D. 316, 174 N. W. 745, as sustaining that contention. In that case this court made the following statement, which a reading of the opinion will show to be mere obiter dictum:

"We should have no hesitancy in sustaining the lower court if the notice now before us had contained any reference to the record of the mortgage."

While the language quoted may be given a very broad construction, we are satisfied that it was not meant to go beyond the rule of id certum est. That is, that the reference must be such as to absolutely identify the mortgage referred to in the notice.

[2] The court is not bound by statements that are mere obiter, but even if the statement quoted from the Gillette Case is adhered to, its meaning will not be extended beyond the rule of id certum est above mentioned.

[3] The statute specifically requires the notice to state the date of the mortgage. The giving of the date when the mortgage was recorded is not sufficient to cure an erroneous statement as to the date of the mortgage. The requirements of the statute are plain and simple, and no substantial right of a mortgagee is lost by requiring a strict compliance therewith.

The notice involved in this case was not sufficient to comply with the statute, and the judgment and order appealed from are reversed.