## ADLER *v.* NEW YORK LIFE INSURANCE CO.

1. MORTGAGES—MORATORIUM ACT—FORECLOSURE BY ADVERTISEMENT —REMEDY.

Relief available, if any, to mortgagor under mortgage moratorium act in foreclosure proceedings by advertisement *held*, confined to section 3 of Act No. 98, Pub. Acts 1933, and not to section 5, where foreclosure proceedings were not pending at time the act became effective nor under Act No. 20, Pub. Acts 1934 (Ex. Sess.), which did not become effective until after expiration of equity of redemption.

2. SAME—EQUITY—EXTENSION OF PERIOD FOR REDEMPTION.

    Mortgagor under mortgage on income-producing property who waited until day before expiration of equity of redemption under foreclosure proceedings by advertisement before applying for relief under mortgage moratorium act *held*, precluded from extension of period of redemption where she took all revenues from the property, since relief sought under such circumstances is not appealing to the conscience of a court of equity (Act No. 98, § 3, Pub. Acts 1933).

3. SAME—DISCRETION OF COURT—SETTING ASIDE ORDERS.

    By the mortgage moratorium act and its amendments a court of equity is invested with judicial discretion to grant delay, and power to set aside its own orders is not only retained in the court by the act but such power is inherent in courts of equity (Act No. 98, Pub. Acts 1933, as amended).

Appeal from Wayne; Gillespie (Glenn C.), J., presiding. Submitted June 18, 1935. (Docket No. 101, Calendar No. 38,456.) Decided September 9, 1935.

Bill by Rose H. Adler against New York Life Insurance Company and the Mortgage & Contract Company for relief under the mortgage moratorium act. Cross-bill by defendant New York Life Insurance Company for restitution of premises and an accounting. Order granting relief to plaintiff. Order set aside and bill dismissed. Plaintiff appeals. Affirmed.

*Joslyn, Joslyn & Joslyn,* for plaintiff.

*Goodenough, Voorhies, Long & Ryan,* for defendants.

BUSHNELL, J. On March 15, 1935, an order was entered in the court below granting plaintiff relief, upon certain conditions, under the so-called mortgage moratorium act (Act No. 98, Pub. Acts 1933). *Wade* v. *Farrell,* 270 Mich. 562, was decided March 5th and a *per curiam* opinion rendered April 9th on

motion for rehearing. The trial judge in the instant case, in the light of our holding in that case, thereafter reconsidered his former order, set the same aside and dismissed plaintiff's bill of complaint.

The mortgage in question, covering income-producing property, was executed by plaintiff's grantors March 3, 1930, to secure payment of $40,000. Default occurred September 3, 1932; defendant advanced moneys in payment of taxes and commenced foreclosure by advertisement in December, 1933. Sale was had February 28, 1934, and one day before the expiration of time for redemption, viz., February 27, 1935, plaintiff filed her bill seeking moratorium relief.

Act No. 20, Pub. Acts 1934 (Ex. Sess.), which amended Act No. 98, § 3, Pub. Acts 1933, by adding the following italicized words, ''Whenever any mortgage is being foreclosed by advertisement *and the equity of redemption has not expired,*'' did not become effective until March 28, 1934. The foreclosure action terminated when sale was had February 28, 1934, and plaintiff's rights, if any, were under Act No. 98, § 3, Pub. Acts 1933, not section 5, because foreclosure proceedings were not pending on June 2, 1933, effective date of Act No. 98, Pub. Acts 1933.

Plaintiff had ample time, from December, 1933, to February, 1934, to seek relief under section 3, but she chose to stand by, take the entire revenues from the property and do nothing more until a single day before all her rights would expire.

We indicated the proper course in moratoria matters in *Virginian Joint Stock Land Bank of Charleston* v. *Hudson,* 266 Mich. 644, and have not had occasion to deviate from that statement of the law. The relief sought by plaintiff must be such that appeals to the conscience of a court of equity.

"The court is invested with the discretion to grant delay. The discretion is not a personal power but a judicial jurisdiction. * * * Relief may be granted only after hearing. Being the moving party, the mortgagor must allege and prove facts which move the discretion of the court in his behalf." *Virginian Joint Stock Land Bank of Charleston* v. *Hudson, supra,* 652.

We fail to find such facts in the instant case. Not only does the moratorium act and all of its amendments retain power in the trial court to set aside or modify its orders upon violation thereof or for other good and sufficient cause, but such power is inherent in courts of equity. *Cole* v. *Auditor General,* 132 Mich. 262, and see *Brandimore* v. *Dickens,* 256 Mich. 128.

The final action of the trial court is in accord with the law of the *Farrell Case, supra,* which having been so recently stated we do not repeat.

The order entered April 18, 1935, is affirmed, with costs to appellee.

Potter, C. J., and Nelson Sharpe, North, Fead, Wiest, Butzel, and Edward M. Sharpe, JJ., concurred.