DETROIT TRUST CO. *v.* SLACK.

ATLAS FINANCE CO. *v.* CAHOW.

1. Mortgages—Moratorium Act—Purpose.

> Purpose of mortgage moratorium act is to extend period of redemption of mortgages to the end that mortgagors might salvage something from their property and at the same time give some measure of protection to the mortgagees (Act No. 98, Pub. Acts 1933, as amended).

2. Same—Discretion of Court.

> Relief under mortgage moratorium act is purely permissive, depending upon discretion of chancery court, and is never a matter of right (Act No. 98, Pub. Acts 1933, as amended).

3. Same—Equity—Hotel Property.

> Second mortgagee who, through foreclosure, had gained possession of hotel property assessed at $57,560 and, while operating it for two years paid $800 on prior-incurred obligations, $1,050 of $3,500 taxes accumulating during such period, $2,192.92 on insurance, redecorated some rooms and was not liable for deficiency on first mortgage upon which $142,000 remained unpaid *held*, not entitled to relief under mortgage moratorium act (Act No. 98, Pub. Acts 1933, as amended).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted October 9, 1935. (Docket No. 28, Calendar No. 38,481.) Decided November 12, 1935. Rehearing denied January 31, 1936.

Bill by Detroit Trust Company, trustee, a Michigan corporation, against Richard A. Slack, Jr., and others to foreclose a trust mortgage. Decree for plaintiff. Petition of Atlas Finance Company, a Michigan corporation, for relief under the mortgage

moratorium act.   From order granting relief, Paul
D. Cahow, trustee, appeals.   Reversed.

*C. W. Videan,* for petitioner.

*Milburn & Semmes (Edward T. Goodrich,* of coun-
sel), for respondent.

EDWARD M. SHARPE, J.   May 1, 1925, Richard A.
Slack, Jr., and wife, being owners of the Gladstone
Hotel in Detroit, executed a trust mortgage to the
Security Trust Company, as trustee, which mort-
gage covered the fixtures, furnishings, and hotel
equipment in addition to the real estate.   This first
mortgage was executed to secure an issue of bonds
in the sum of $120,000.   Subsequently, Slack and wife
executed a second mortgage on the real estate men-
tioned and described in the first mortgage to the
Atlas Finance Company who at a later date began
foreclosure proceedings and acquired title and pos-
session of the premises March 1, 1933.

The Detroit Trust Company, trustee, as successor
to the Security Trust Company, filed a bill of com-
plaint to foreclose its mortgage March 26, 1931, a
decree of foreclosure was entered October 24, 1931,
and the sale which was ordered was held August 24,
1934.   The property was purchased by Paul D. Ca-
how, trustee and appellant herein, for $30,000.   In
making this purchase Mr. Cahow acted as the repre-
sentative of two bondholders' committees.   At the
date of sale there was due for principal and interest
the sum of $129,420.20 together with unpaid taxes of
approximately $13,000.   The sale was confirmed Oc-
tober 18, 1934, and the property purchased at the
sale included the personal property.

On February 23, 1935, the Atlas Finance Company
filed a petition for relief under the moratorium act

(Act No. 98, Pub. Acts 1933, as amended). It claims to have been operating the hotel since March 1, 1933, during which time it paid $800 on obligations of the hotel incurred prior to March 1, 1933, $2,192.92 for insurance, and $1,050 to the first mortgage trustee to be applied on taxes; that in addition it made certain repairs to the hotel property and redecorated approximately one-half of the entire rooms; and that the net income exclusive of taxes, interest, and insurance for the first year was less than $100 per month and for the second year was $330 per month. No testimony was taken for or against this petition. The trial court on March 8, 1935, entered an order setting aside the order confirming the sale; adjourned indefinitely the hearing on confirmation; required that possession of the property be given to Mr. Cahow, but reserved the right to change the possession and management of the property unless the income from March 1, 1935, to December 31, 1935, should average $300 per month; and also required the Atlas Finance Company to account for and pay to Mr. Cahow all moneys received from the operation of the property subsequent to February 24, 1935.

From this order defendant Cahow appeals and contends that the petition filed by the Atlas Finance Company does not show sufficient equities to authorize the court to exercise any discretion in granting the relief prayed for; that it was an abuse of discretion on the part of the trial court; and for the further reason that the first mortgage covered real estate and personal property and was not subject to the provisions of the moratorium act. Appellee did not file a cross-appeal.

The moratorium act is of recent legislation in this State, its purpose was to extend the period of re-

demption of mortgages to the end that mortgagors might salvage something from their property and at the same time give some measure of protection to the mortgagees. The act provided that the machinery for the operation of this law would be in the chancery courts and we early held in *Ciotte* v. *Ullrich*, 267 Mich. 136, that the statute is throughout purely permissive in terms depending upon the discretion of the court and never a matter of right.

The record in this cause discloses that the Atlas Finance Company was a second mortgagee and gained possession of the property March 1, 1933, and for a period of nearly two years operated it, during which time taxes of approximately $3,500 accumulated, of which amount appellee paid $1,050, paid insurance in the sum of $2,192.92 and $800 on obligations of the hotel incurred prior to March 1, 1933. In addition to these payments certain rooms in the hotel were redecorated, the cost of which is not indicated in the record. We also find that the property has an assessed valuation of $57,560; that the amount remaining unpaid under the first mortgage is approximately $142,000; that the Atlas Finance Company is not the original mortgagor and consequently not liable for a deficiency; and that Mr. Cahow as trustee purchased the property at the foreclosure sale for the benefit of the holders of approximately 90 per cent. of the bonds secured by the first mortgage. In the petition filed by the Atlas Finance Company there is no claim made that the property has a value in excess of the amount due under the first mortgage, nor is there any showing that it has a substantial financial interest in the property. It appears to us that the possibility of redemption of the first mortgage by the Atlas Finance Company is so negligible that their only interest in the matter

is speculative and under the circumstances in this case we think that they have not made a sufficient showing to invoke the powers of a court of equity.

The order appealed from is reversed and set aside, and the cause remanded for further proceedings.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.