UNION ,GUARDIAN TRUST CO. *v.* HARRY & MAX DUNITZ, INC.

1. Trial—Hearing—Mortgages—Moratorium Relief.
   Hearing on petition for relief under mortgage moratorium act should have been granted upon demand of mortgagee where triable issues were presented by sworn answer and counter allegations (Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [1st Ex. Sess.]).

2. Mortgages—Moratorium Relief—Equity.
   Mortgagor's grantee by quitclaim deed who purchased mortgaged premises, while foreclosure suit in equity was pending, for a nominal consideration and for speculative purposes *held,* not entitled to relief under mortgage moratorium act (Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [1st Ex. Sess.]).

3. Same—Moratorium Relief—Discretion of Court.
   Whether or not relief will be granted under mortgage moratorium act is a matter of discretion of the court (Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [1st Ex. Sess.]).

4. Appeal and Error—Discretion of Court.
   A discretionary act will be sustained unless abuse of discretion is affirmatively shown.

5. Mortgages—Moratorium Relief—Burden of Proof.
   Clause in act permitting court to grant relief under mortgage moratorium act unless upon hearing of application therefor good cause is shown to the contrary does not relieve petitioner therefor of burden of showing right to consideration of court but, at most, casts burden on mortgagee after petitioner has made a *prima facie* case (Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [1st Ex. Sess.]).

6. Same—Moratorium Relief—Inadequacy of Sale Price—Evidence.
   Matter of inadequacy of sale price is a factor influencing the discretion of the court as to relief under mortgage moratorium

act but, alone, would not justify granting it (Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [1st Ex. Sess.]).

7. SAME—MORATORIUM RELIEF—DELAY—EQUITY.

Mortgagor with ample cash resources or reasonably able to borrow money and pay his debts is not entitled to delay provided by mortgage moratorium act (Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [1st Ex. Sess.]).

8. SAME — MORATORIUM RELIEF — PURCHASE DURING FORECLOSURE SUIT—ASSUMPTION OF LIABILITY—SPECULATION.

Essential purpose of mortgage moratorium act to afford relief to mortgagors oppressed because of existing and general financial depression is not subserved by affording means of profit to one who purchased interest of mortgagor under trust mortgage with obligations of upwards of $260,000 due during pendency of foreclosure suit in equity for a relatively nominal consideration, without assuming mortgage obligation, evidently with view of application for stay in order to obtain time to refinance mortgage or induce bondholders to take less than their aliquot share and thereby increase speculator's profits (Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [1st Ex. Sess.]).

Appeal from Wayne; Miller (Guy A.), J. Submitted October 8, 1935. (Docket No. 13, Calendar No. 38,394.) Decided December 10, 1935. Rehearing denied January 31, 1936.

Bill by Union Guardian Trust Company, a Michigan corporation, against Harry Felsot and others for the foreclosure of a trust mortgage. Harry & Max Dunitz, Inc., a Michigan corporation, intervened as party defendant and filed a petition under mortgage moratorium act. From order for intervening defendant, plaintiff appeals. Order vacated.

*Yerkes, Goddard & McClintock* (*Shirley T. Johnson,* of counsel), for plaintiff.

*Seymour J. Frank,* for defendant.

Wiest, J.   While suit in equity was in progress to foreclose a mortgage containing assignment of rentals on a 60-family apartment building, upon which $242,000 was due, and $18,186.56 in unpaid taxes, defendant corporation, herein styled defendant, by quitclaim deed, obtained title to the premises without assuming and agreeing to pay the mortgage, then intervened and invoked the moratorium statute (Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [1st Ex. Sess.]), and entry of decree of foreclosure was stayed upon payment of the rentals to the plaintiff, less a collection charge of five per cent., and caretaker's pay of $115 per month.   Plaintiff prosecutes review.

Defendant, it is claimed, purchases real estate for investment purposes and did so in this instance, and it avers no financial distress or inability to pay the mortgage.   The mortgage was given September 15, 1926, for $275,000.   The last payment on the principal was in August, 1929, and the interest had been in default since 1931.   This was well known to defendant at the time of the purchase, and it is fair to assume that, at that time, it purchased with intent to seek relief under the moratorium act.

It seems that in the Wayne circuit there is a questionnaire to be filled out by applicants for relief under the moratorium act, and such was done in this instance.   No testimony was taken although plaintiff filed an answer to the petition and demand for a hearing; but counsel were heard and the court gave defendant the benefit of the moratorium act. In the petition for relief under the moratorium act certain allegations of fact were made and, by sworn answer and counter allegations, triable issues were presented and plaintiff's demand for a hearing thereon should have been granted.   If, as alleged by

plaintiff, the petitioner purchased by quitclaim deed, during pendency of foreclosure proceedings and for a nominal consideration and for speculative purposes, it was not entitled to the relief granted.

We said in *Virginian Joint Stock Land Bank of Charleston* v. *Hudson,* 266 Mich. 644, 652, 653:

"Whether the clause, 'unless upon hearing of said application good cause is shown to the contrary,' casts the burden of proof on the mortgagee, is rather an academic question because the relief is discretionary. The statute provides that the court 'may,' not 'must,' grant the relief. It is always the rule that a discretionary act will be sustained unless abuse of discretion is affirmatively shown. The clause does not relieve the mortgagor of the burden of showing right to consideration of the court. At most, it casts the burden on the mortgagee after the mortgagor has made a *prima facie* case.

"The character of the showing must depend upon circumstances. Inadequacy of sale price is a factor of relief but, alone, would not justify it. It would be absurd to hold that the legislature intended that a mortgagor with ample cash resources at his command or reasonably able to borrow money and pay his debts is entitled to the delay provided by the statute."

The purpose essential to justification of the mortgage moratorium enactment is affordance of relief to mortgagors finding themselves in oppressed and straightened circumstances due to existing and general financial depression. One not a debtor by execution or assumption of a mortgage may not, during course of foreclosure, make another's distress a speculative means of profit through invocation of a moratorium.

The provisions of the moratorium act may not be invoked by speculators in equities of redemption

without assumption of the mortgage obligation and especially not, as in the instance at bar, where the purchase was so made during course of foreclosure and evidently with the view of application for stay in order to obtain time within which to refinance the mortgage or induce the holders of the mortgage bonds to take less than their aliquot share of the mortgage security and thereby increase the profits of the speculator.

What we have just said, of course, bears no relation to the right of a mortgagor to transfer his equity and obtain what he can for it, but only to the speculator who purchases during foreclosure with intention to employ the moratorium law as a lever to pry out profits.

Defendant made no showing justifying relief under the moratorium act. The allegation that it made an effort to refinance the mortgage obligation, and to such end had made application to the public trust commission of the State under the provisions of Act No. 114, Pub. Acts 1933, for reorganization for the protection of the bondholders, stated no reason for relief. Neither does the following allegation state any reason:

"That petitioner has made inquiry from various sources for the purpose of attempting to obtain moneys with which to refinance the above-mentioned bond issue but because of the depressed conditions and the inability to obtain mortgage loans of any size in this community, it has not been possible for petitioner to obtain any commitment for a mortgage loan to refinance and pay off the bond issue mentioned herein. That it is apparent from the present outlook that no mortgage money in any substantial sums will be available for the refinancing of apartment building mortgages and unless the intervening defendant can have the relief prayed herein it will

suffer irreparable loss and damage, it having a substantial investment in the aforesaid premises.''

Plaintiff alleged, upon information and belief, that the substantial investment just mentioned amounted to $900. Defendant replied thereto as follows:

''Deponent, replying to paragraph 8 of said answer, says that Harry & Max Dunitz, Inc., paid a valuable consideration for the title which it now has to the premises involved in this cause; that the amount of such consideration is immaterial and cannot be challenged by the plaintiff in this cause; that it purchased said premises in good faith and in compliance with law and that the allegations of plaintiff as contained in paragraph 8 with reference to the amount of consideration alleged to have been paid by Harry & Max Dunitz, Inc., for title to said premises can in no manner whatsoever affect the rights of Harry & Max Dunitz, Inc., as the owner of said premises and, as such, entitled to moratorium relief.''

If, as alleged by plaintiff and not denied by defendant, the purchase was by quitclaim deed, for a nominal consideration, without assumption of the mortgage and for speculative purposes during course of foreclosure, and with intent to invoke the moratorium statute, there can be no moratorium granted. Such was evidently the case.

The order granting the moratorium is vacated, with costs to plaintiff.

POTTER, C. J., and TOY, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.