THURBER v. DETROIT FIRE & MARINE INS. CO.

1. Mortgages—Foreclosure—Moratorium—Annuities—Equity.
   Court, in granting moratorium to holder of part interest in title to rented mercantile premises upon which $40,000 mortgage was foreclosed by advertisement and which interest was subject to life annuities to two persons more than 88 years of age, *held*, not to have abused discretion where amount of remaining estate subject to annuities was about $35,000, the sum of $43,241.49 was amount due at time of sale and the amount bid by mortgagee and order granting relief required entire rental to be paid receiver to be applied on mortgage debt, taxes and insurance premiums, thereby preventing mortgage debt from growing.

2. Same—Each Case Decided on Own Facts—Abuse of Discretion.
   Each moratorium case depends upon its particular facts and unless there is an abuse of discretion in granting a moratorium, Supreme Court will not set it aside.

   North and Wiest, JJ., dissenting.

Appeal from Wayne; Toms (Robert M.), J. Submitted June 9, 1937. (Docket No. 51, Calendar No. 39,516.) Decided October 4, 1937.

Bill by Fayetta Crowley Thurber against Detroit Fire & Marine Insurance Company for a moratorium in statutory foreclosure of mortgage. Decree for plaintiff. Defendant appeals. Affirmed.

*Douglas, Barbour, Desenberg & Purdy,* for plaintiff.

*Miller, Canfield, Paddock & Stone,* for defendant.

BUTZEL, J.    The trial judge did not abuse his dis-
cretion in ordering a moratorium.    Plaintiff showed
that she owned an undivided one-third interest in the
mortgaged property consisting of a substantial five-
story building at 244–248 west Congress street, not
far from the center of the downtown section of De-
troit; that the mortgage of $40,000 was given to de-
fendant by plaintiff and her sister, the sole bene-
ficiaries of the estate of Lavinia B. Crowley, but
subject to two certain annuities, the annuitants each
being over 88 years of age.    It further appeared that
there remains undistributed in the estate, on account
of the annuities, securities of approximately the
value of $35,000.    Defendant's mortgage ledger shows
that the time of payment of the mortgage was ex-
tended to December 30, 1935, that the interest of $600
per quarter was paid until several months before the
proceedings were instituted; that later on $1,305.78
was credited on the mortgage, payment being made
through another mortgage; that the property was
insured for the sum of $65,000.    Defendant concedes
that the property has a rental value of $575 per
month or $6,900 per year.    The mortagors, however,
defaulted in the payment of taxes and defendant was
obliged to pay certain taxes in full and instalments
on others, brought under the five-year plan.    On
October 15, 1935, the date of the foreclosure sale,
there was due defendant for principal and interest,
taxes and legal expenses, $43,241.49, the amount of
defendant's bid at the sale.    Plaintiff did not ask for
moratorium until October 6, 1936, but nine days prior
to the expiration of the year of redemption.

Testimony was taken as to the value of the prop-
erty.    It was shown that at the time of the execution
of the mortgage in 1929, the land was appraised at
$110,000 and the building at $75,000.    Subsequently,

the land was appraised at $61,000 and the building at $60,000. Realtors were called to give expert testimony. Defendant's witness, an employee in its mortgage department, sought to place a valuation on the property by deducting taxes and necessary repairs from the annual income leaving a net annual return of $4,100, which sum he multiplied by ten and thus set the value of the property at $41,000. A letter written to defendant by another realtor placed the value of the property on October 16, 1936, at $65,000, and the rental value at approximately $8,000 per year. This was practically all the testimony given as to the present value of the property. It was, however, shown that the property was assessed at $70,930 for the city taxes for 1937. The mortgagors failed to pay taxes against the property so that in addition to the amount advanced by defendant for the purpose, taxes still unpaid amounted to $10,516.16, and if defendant were to pay this amount and add it to the balance due it for interest and payment of taxes since the mortgage sale, it would require the sum of $57,024.66 to redeem the property. It was, however, shown that if the taxes and annual interest charges were divided by twelve, the monthly current taxes would amount to $177.53, and the monthly interest charges to $285.12, or a total of $5,551.80 for the year. At a rental value of $575 per month, or $6,900 per year, there would still be a surplus left over from which to make repairs and apply a small sum in reduction of defendant's claim.

It is true that there are two annuitants, on whose account the Crowley estate is tied up so that the assets of the estate cannot be used to refinance the mortgage. However, the very advanced years of these annuitants cannot be overlooked. The judge may have taken into consideration local conditions and rising values of real estate in coming to his con-

clusion, but this is not shown by the record. The
property brought in less than $575 per month for a
considerable period.   Plaintiff is not a mere inter-
loper or speculator.   The mortgagors, however, have
not been entirely without fault, and we would come
to a different conclusion were it not that under the
order of the court, all the rents must be turned over
to the receiver, who, after payment of necessary ex-
penses, is ordered to pay over the net proceeds to
defendant to be credited by it upon the sums due or
to become due it or to be paid on taxes theretofore
or thereafter to become due, and also to pay insur-
ance premiums.   The defendant's debt thus will not
grow any larger during the moratorium period, and
there appears to be an equity that plaintiff may pos-
sibly save.   Each moratorium case depends upon its
particular facts.   Unless there is an abuse of discre-
tion by the court in granting a moratorium, we de-
cline to set it aside.   There was no such abuse in the
instant case.

The order is affirmed, with costs to plaintiff.

FEAD, C. J., and BUSHNELL, SHARPE, POTTER, and
CHANDLER, JJ., concurred with BUTZEL, J.

WIEST, J. (*dissenting*).   This is an appeal from a
mortgage moratorium order, appointing a receiver
to collect the rents of the mortgaged premises and
pay the net proceeds, above operating and main-
tenance charges, to the mortgagee.   The mortgage
covers premises known as 244–248 west Congress
street, in the city of Detroit, upon which there is a
five-story mercantile building.  Defendant mortgagee
foreclosed by advertisement and purchased at the
sale, held October 15, 1935.   October 3, 1936, appli-
cation was made for moratorium relief.*   A hearing

---

* Application made on October 3, 1936, was filed October 6, 1936.—
REPORTER.

was had and, upon testimony taken, the court made the mentioned order extending the period of redemption to March 1, 1937, upon the terms stated.

Upon review defendant avers an abuse of discretion on the part of the court in granting the order and the extension of the period of redemption under the circumstances here disclosed.

The property is estimated to have a present value of from $41,000 to $65,000. No payment was ever made upon the principal and at the time of the foreclosure some interest was in default and taxes had been paid by the mortgagee, so the amount due was about $43,000.

Plaintiff is the owner of an undivided one-third interest in the property. The other two-thirds interest is owned by plaintiff's sister Catherine Crowley McKown and the estate of plaintiff's mother Lavinia Crowley. Plaintiff and her sister, Catherine Crowley McKown, are sole beneficiaries of the estate of their deceased mother, subject to annuities to two persons who were, in October, 1936, more than 88 years of age. Until death of the annuitants, the plaintiff cannot obtain part of the estate and until she obtains her part of the estate she is not able to redeem. Plaintiff's sister, one of the mortgagors and joint beneficiary in the estate of the mother, is not a party herein, and whether she will devote her share of the estate to redemption from the mortgage sale does not appear.

It is questionable whether the whole estate, if and when it is freed by death of both annuitants, will, if so applied, meet the mortgage obligation.

It is significant that the plaintiff took no step in the matter until nine days before expiration of the period of redemption and just as enjoyment of rentals therefrom was about to cease.

The mortgage covered business property, quite well rented and, while the interest on the mortgage was paid to March 30, 1935, the mortgage itself was due November 14, 1932, and nothing was ever paid on the principal; the mortgagee paid $1,748.26 on taxes before the mortgage sale and, at the date of the moratorium order, taxes amounted to $10,516.16. The mortgagee bid in the property at the sale for $43,241.49.

The court was in error in considering the expectancy of death of the annuitants as a good reason for extending the period of redemption and forcing the mortgagee to forego rights on such contingency.

The moratorium order should be vacated, with costs to appellant.

NORTH, J., concurred with WIEST, J.