HERMAN HUGHES LUMBER CO.· v. WOOD.

1. Mortgages—Foreclosure by Advertisement—Redemption by Second Mortgagee.
   Within the period set by statute governing foreclosure by advertisement·a second mortgagee undoubtedly has a right to· redeem from the sale under foreclosure of a first mortgage (3 Comp. Laws 1929, § 14435).

2. Same—Foreclosure by Advertisement—Redemption—Power of Courts.
   The statutory right of redemption from foreclosure of a mortgage by advertisement is not subject to enlargement or abridgment by the courts (3 Comp. Laws 1929, § 14435).

3. Same—Second Mortgagee's Right of Redemption Not Affected by Agreement Between Mortgagors and First Mortgagees.
   The right of a second mortgagee to redeem cannot be cut off or prejudiced by an agreement between the mortgagor and the first mortgagee for an extension of time in which to pay off the first mortgage nor can the second mortgagee's right to redeem be enlarged by such an agreement unless so stipulated.

4. Same—Moratorium Relief Afforded Mortgagor—Second Mortgagee's Position.
   Mortgagors' procurement of extension of period within which to redeem from foreclosure of a mortgage by advertisement does not give like relief to second mortgagee who did not participate in seeking moratorium relief, such relief being of a personalized nature, not a matter of right, and each case depending upon its own facts (Act No. 98, Pub. Acts 1933, as amended).

5. Same—Factors Affecting Relief by Way of Moratorium.
   Under the mortgage moratorium statute the court is bound to look not only to such factors relating to the property itself such as profits and productivity or the taxes assessed against it, but to factors personal to the party making application for the moratorium, as such relief will not be granted to an obligor who has exploited the property in disregard of the mortgagee's

rights where he has made little effort to pay the debt, allowed the property to fall into disrepair, is acting for selfish and speculative purposes, or is able to carry the financial obligation (Act No. 98, Pub. Acts 1933, as amended).

6. SAME—NATURE OF PROCEEDING UNDER MORATORIUM STATUTE.

Proceeding by mortgagors against first mortgagee under mortgage moratorium act in which an injunction is obtained against defendant is not to be regarded as an *in rem* proceeding against the land itself but rather a proceeding *in personam*, limited in its application to the parties then before the court (Act No. 98, Pub. Acts 1933, as amended).

7. SAME—BILL TO REDEEM BY SECOND MORTGAGEE DURING REDEMPTION PERIOD EXTENDED UNDER MORATORIUM STATUTE.

Second mortgagee who was duly notified of first mortgagee's proceeding to foreclose its mortgage in which property was sold for less than its value and had actual knowledge of mortgagors' proceeding for moratorium relief *held*, not entitled to relief where it had sat idly by and filed bill to redeem after mortgagors and first mortgagee had stipulated for dismissal of the moratorium order at a time after the original unextended period for redemption had expired but before the extended period of redemption had expired (Act No. 98, Pub. Acts 1933, as amended).

Appeal from Genesee; Black (Edward D.), J. Submitted April 5, 1939. (Docket No. 25, Calendar No. 40,337.) Decided June 5, 1939.

Bill by Herman Hughes Lumber Company, a Michigan corporation, against O. S. Wood and John G. Martindale, trustees of the segregated assets of the Alpena Savings Bank, to secure redemption of premises from a foreclosure, for an injunction and other relief. From decree rendered, defendants appeal and plaintiff cross-appeals. Bill dismissed.

*Guy W. Selby,* for plaintiff.

*Carl R. Henry, William F. Knapp* and *Homer J. McBride,* for defendants.

Butzel, C. J.   George Hoffman and wife gave a first mortgage of $3,000 on their property, and subsequently defendants became holders of the mortgage. The Hoffmans also gave a second mortgage to plaintiff in the sum of $3,200. Defendants' first mortgage, after being reduced by payments to $1,187.25, was duly foreclosed by advertisement. The property was bid in by defendants for $1,293.55, a sum less than its actual value. Nine days prior to the expiration of the period of redemption, the Hoffmans filed a bill for moratorium relief. An order was entered extending the period of the equity of redemption until November 1, 1938, or until the further order of the court, on condition that mortgagors pay $40 a month to the clerk of the court beginning June 17, 1937. Plaintiff, second mortgagee, who was not a party to the moratorium suit, did not intervene, although it had actual knowledge of the proceedings.

On March 19, 1938, eight months after the moratorium order had been issued, attorneys for the mortgagors and defendants stipulated for a dismissal of the moratorium suit and an order of dismissal was entered by the circuit judge. Defendants took possession of the property and advertised it for sale, whereupon plaintiff, whose second mortgage had not been paid, filed a bill to redeem, notwithstanding the fact that the right to redeem had long since expired. The month previous to the discontinuance of the moratorium suit, plaintiff's attorney wrote to one of the defendant trustees asking whether defendants would sell their interest in the property at a discount; whereupon defendants replied that the property, in their judgment, was well worth the amount due defendants, and that they were not interested in selling unless they received the full amount of the principal plus accrued interest and expenses, and that, if plaintiff was interested in purchasing at that

price, defendants would be pleased to hear from it. There is also a claim that shortly after the receipt of this reply from defendants, plaintiff's treasurer told the attorney for defendants that plaintiff wanted to redeem from the foreclosure of the first mortgage. He testified that he went to the attorney's office for the purpose of ascertaining exact amount necessary to redeem, and that the secretary in charge of the office was unable to give him the information but promised that she would look it up and give him the amount. The attorney denies that he had this conversation with plaintiff's treasurer. The trial judge gave plaintiff the right to redeem on condition that it pay $400 in addition to the amount due by way of "penalty" for its "dilatory work." Both parties appeal.

Since the claims that defendants estopped themselves to deny plaintiff's right of redemption are based on these latter negotiations which took place after the original unextended period for redemption had elapsed but before the termination of the extended moratorium period, the question arises whether plaintiff as second mortgagee could avail itself of the benefits of the moratorium on the first mortgage obtained by the mortgagors.

Within the period set by the statute governing foreclosure by advertisement (3 Comp. Laws 1929, § 14435 [Stat. Ann. § 27.1231]), the mortgagee undoubtedly had a right to redeem from the foreclosure sale. *Chauvin* v. *American State Bank,* 242 Mich. 269. The statutory right of redemption, however, is not subject to enlargement or abridgment by the courts. See *Detroit Trust Co.* v. *Detroit City Service Co.,* 262 Mich. 14. We have held, furthermore, that the right of a second mortgagee to redeem cannot be cut off or prejudiced by an agreement between the mortgagor and the first mortgagee for an

extension of time in which to pay off the first mortgage. *Sager* v. *Tupper,* 35 Mich. 134. We think the converse is equally true, that the second mortgagee's right to redeem cannot be enlarged by such an agreement unless so stipulated.

The fact that here the extension arrangement was procured by the mortgagors under the moratorium statute (Act No. 98, Pub. Acts 1933, as amended [Stat. Ann. § 27.1323]) does not require a different conclusion. The provisions of the statute itself, as well as our decisions under it, indicate the individual and personalized nature of moratorium relief. Such relief is not a matter of right, *Detroit Trust Co.* v. *Slack,* 273 Mich. 461; each case depends upon its own peculiar facts. *Thurber* v. *Detroit Fire & Marine Ins. Co.,* 281 Mich. 346. Under the statute the court is bound to look not only to such factors relating to the property itself, as profits and productivity or the taxes assessed against it, but to factors personal to the party making application for the moratorium. Moratorium will not be granted where the obligor has exploited the property in disregard of the rights of the mortgagee, *Adler* v. *New York Life Ins. Co.,* 272 Mich. 641, where he has made little effort to pay the debt and allowed the property to fall into disrepair, *Friar* v. *Dausman,* 283 Mich. 692, or where he is acting for selfish and speculative purposes. *Union Guardian Trust Co.* v. *Harry & Max Dunitz, Inc.,* 273 Mich. 607. Also to be considered is the financial ability of the mortgagor to carry the obligation. As said in *Virginian Joint Stock Land Bank of Charleston* v. *Hudson,* 266 Mich. 644, 653:

"It would be absurd to hold that the legislature intended that a mortgagor with ample cash resources at his command or reasonably able to borrow money and pay his debts is entitled to the delay provided by the statute. The legislature committed the sub-

ject to the court of equity so that the mortgagee, as well as the mortgagor, should have proper treatment in the particular case.''

See, also, *Union Guardian Trust Co.* v. *Harry & Max Dunitz, Inc., supra,* 610.

While the trial court in this particular situation found it ''just and equitable'' to compel the first mortgagee to give the mortgagors additional time in which to redeem the property, it does not follow necessarily that the second mortgagee would have been able to present adequate grounds for a similar extension in its own behalf. It is possible that had plaintiff applied for it, the court would have found it a perfectly solvent and responsible company rather than a distressed debtor, so that it would not be entitled to emergency relief under the principles of the above-cited decisions. Or the court might have found that there was so little likelihood of the second mortgagee redeeming the property that it would be inequitable to compel the first mortgagee to carry the burden any longer. Cf. *Detroit Trust Co.* v. *Slack, supra.* If plaintiff could not have obtained the moratorium directly, it should not be permitted to obtain it indirectly through privileges acquired by the mortgagors who were able to bring themselves within the provisions of the statute. On the other hand, if plaintiff was properly entitled to the protection of the statute, it could have intervened in the proceedings between defendant and the mortgagors and been made a party to them and been subjected to such conditions as the court might make. In that event, the moratorium would not have been discontinued without plaintiff being given an opportunity to be heard.

Instead, the mortgagors secured the extension by injunction against the first mortgagee. Plaintiff was not even mentioned in the bill. We cannot regard such a disposition by the court as an *in rem* proceed-

ing against the land itself, affecting every party interested in the title. It had simple *in personam* application, limited to the parties then before the court. See *Ciotte* v. *Ullrich,* 267 Mich. 136.

Plaintiff's position is not relieved by any peculiar equities. Had it really desired to purchase the property for a fair price, it is strange that it made no bid at the original foreclosure sale. It is even more strange that it sat by while the right to redeem from that sale expired, without making the slightest move to have the period extended under the moratorium act for its own benefit, if it were entitled to such relief. It is unexplained why, with full knowledge of the proceedings between the mortgagors and the defendants, it made no effort to participate and save the rights it claimed. It was not until nine months later, in February, 1938, that it showed any interest in the property. Then, although it states in its brief that the property was worth substantially more than the price bid in at the foreclosure sale, plaintiff feebly offered to buy defendant's interest "at a discount." At that time the year to redeem had already expired, and the moratorium suit and the injunction issued therein were shortly thereafter dismissed by order of the court.

"The parties have a right to stand upon the terms of the law." *Cameron* v. *Adams,* 31 Mich. 426, 428.

The bill of complaint should have been dismissed.

Decree will be entered dismissing the bill, with costs to defendants.

WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred with BUTZEL, C. J. NORTH, J., concurred in the result.