RIST, Appellant, v. HARTVIGSEN, et al, Respondents.

(19 N. W.2d 830.)

(File No. 8767. Opinion filed September 12, 1945.)

Rehearing Denied Oct. 19, 1945.

**Bielski, Elliott & McQuillen** and **Owen T. Lewis,** all of Sioux Falls, and **Alfred N. Strand,** of Centerville, for Appellant.

**Alan Bogue** and **Davenport, Evans & Hurwitz,** all of Sioux Falls, for Respondents.

ROBERTS, J. This is an action brought to set aside a foreclosure sale of a mortgage on real estate and the proceedings subsequent to the sale. It is alleged in the complaint that the First National Bank of Centerville was the record holder of a first mortgage dated December 31, 1934, on a quarter section of land in Turner County; that Quincy L. Wright held a second mortgage on the property dated October 1, 1935, and duly recorded; that the said Quincy L. Wright assigned the second mortgage to plaintiff; that the Federal Deposit Insurance Corporation, as receiver of the First National Bank of Centerville, upon default elected to foreclose its mortgage by action; that after entry of judgment and issuance of a special execution the sheriff caused to be published a notice of sale dated July 26, 1939; that the bank bid in the property at a public auction on September 5, 1939; and that a certificate of sale was on that day issued.

The complaint also alleges that the execution sale was invalid (1) because the published notice did not state whether or not the property was sold subject to redemption (2)

because the sheriff was not authorized to accept a bid from the First National Bank of Centerville after the appointment of a receiver to take charge of its assets, and (3) because the bid of the bank was grossly disproportionate to the actual value of the property. It is alleged that a sheriff's deed was prematurely issued to Viderick Hartvigsen, assignee of· the certificate of sale. The action is before this court on appeal from the judgment dismissing the comlaint.

 SDC 33.2006 is a revision of Section 2674, Revised Code 1919. The section was amplified to set forth the contents of the notice of execution sale as follows:

"The notice of sale must state the title of the proceeding under which it is made; the decree, order, or execution, which is authority for the sale, must be named and referred to by the date thereof; the amount of the judgment or other lien upon which sale is to be made; the legal description of the property to be sold; the terms of the sale; whether or not the property is sold subject to redemption; the time and place of sale."

The notice in question was published shortly after the effective date of the South Dakota Code of 1939, and counsel for the mortgagee bank overlooking these specific provisions did not recite in the notice of sale that the property to be sold would be subject to the right of redemption.

The terms of the statute must be substantially complied with if a valid sale thereunder is to be made. Cf. Schmidt v. Gunsalus, 50 S. D. 261, 209 N. W. 341. Notice is given for the purpose of securing bidders and preventing a sacrifice of the property. The general rule is that immaterial errors in such a notice do not affect its sufficiency where the purposes of securing bidders and preventing a sacrifice of the property are attained. Loomis v. Stoddard, 42 S. D. 272, 173 N. W. 859. The notice in the instant case states that "notice is hereby given that by virtue of a judgment of foreclosure and sale in the above-entitled action on the 26th day of July, 1939, and an execution issued upon the judgment" the sheriff will sell at public auction at a time and place mentioned in the notice the "mortgaged premises" to the highest bidder for cash. We think that no one reading the notice would have reasons to believe that the property was

not subject to redemption. There is no allegation or proof that bidders were misled by the omission in the notice and it cannot be reasonably contended as a matter of law that the omission in the notice would tend to mislead prospective bidders.

■■ A national bank continues to exist as a legal entity, notwithstanding the appointment of a receiver to take charge of its assets and to administer them for the benefit of creditors. In Rosenblatt v. Johnston, 104 U. S. 462, 463, 26 L. Ed. 832, the court, referring to the liquidation of a national bank, said "Such property and assets, in legal contemplation, still belong to the bank, though in the hands of a receiver, to be administered under the law. The bank did not cease to exist on the appointment of a receiver. Its corporate capacity continues until its affairs are finally wound up and its assets distributed." To like effect are Central National Bank v. Connecticut Mutual Life Ins. Co., 104 U. S. 54, 26 L. Ed 693; Scott v. Armstrong, 146 U. S. 499, 13 S .Ct. 148, 36 L. Ed. 1059; Chemical National Bank v. Hartford Deposit Company, 161 U. S. 16 S. Ct. 439, 40 L. Ed. 595; Rankin v. City National Bank, 208 U. S. 541, 28 S. Ct. 346, 52 L. Ed. 610. This being the status of the First National Bank of Centerville at the time of the execution sale, we think that there can be no doubt that the bank could become the purchaser at such sale.

■ The property was sold to the mortgagee bank for $4,800. The amount due was in excess of $8,000. Mere inadequacy of price is not sufficient to invalidate a sale, unless, perhaps, equitable relief may be had where the inadequacy is so gross as to shock the conscience of the court and raise a presumption of fraud. Stacy v. Smith, 9 S. D. 137, 68 N. W. 198; Trenery v. American Mortgage Co., 11 S. D. 506, 78 N. W. 991. When it appears, however, that there were circumstances of undue advantage or inequitable conduct, inadequacy of price is material. Lipsey v. Crosser, 63 S. D. 185, 257 N. W. 125. The court found that the property at the time of sale "was of the reasonable, fair market value of $4,800." The evidence is conflicting, but is ample if believed to support such finding. We cannot say that the finding is not supported by the evidence.

Extensions of the period of redemption under moratorium statutes were obtained by mortgagors. The period of redemption was first extended by order of the Circuit Court of Turner County to March 1, 1941. A second extension was granted to March 1, 1943. Twenty days prior to the expiration of the extended period of redemption, sheriff's deed to the premises was issued to defendant Viderick Hartvigsen, assignee of the certificate of sale. It appears from the record that mortgagors consented to the issuance of the deed. Quincy L. Wright, a party defendant in the foreclosure action, assigned the second mortgage to plaintiff on May 8, 1943.

A real estate mortgage is a lien and does not transfer title to the property mortgaged. Wood v. Conrad, 2 S. D. 334, 50 N. W. 95; Id., 2 S. D. 405, 50 N. W. 903; MacGregor v. Pierce, 17 S. D. 95 N. W. 281; Farr v. Semmler, 24 S. D. 290, 123 N. W. 835. Between the time of default and foreclosure of the mortgage the owner has the same right to pay the mortgage debt and relieve his property from the lien as he had prior to the default. "The right of redemption after a sale on foreclosure * * * is distinct from the equity of redemption before the foreclosure sale. The former commences only when the latter ends. A valid foreclosure destroys the latter and creates the former." 3 Wiltsie, Mortgage Foreclosure, 5th Ed., 1660, § 1060. The right of redemption may be exercised only by those persons named in the statute, in the manner, within the time, and upon the conditions therein provided. It is not within the province of the courts to enlarge or restrict the statutory right of redemption. Stocker v. Puckett, 17 S. D. 267, 96 N. W. 91; Way v. Hill, 41 S. D. 437, 171 N. W. 206.

A junior mortgagee or other junior lienor has the right to redeem from a prior lien at any time after the claim is due and "before his right of redemption is foreclosed." SDC 39.0115, 39.0117. The statutory right of redemption is extended to two classes of persons: (1) The judgment debtor or his successor in interest; and (2) any creditor having a lien on the property sold or on some share or part thereon, subsequent to that on which the property was sold. SDC 33.2101. This places one having a mortgage or other lien

in a class entirely different from the mortgagor or his successor in interest and this distinction is strictly maintained throughout the statutory provision relating to redemption. A judgment debtor or redemptioner may redeem from the purchaser within one year after the sale. SDC 33.2102 as amended by Ch. 152, Laws 1941; SDC 33.2201. Mortgagor or his successor in interest or any redemptioner may extend the time of redemption for two years by payment of interest, taxes and costs of foreclosure. SDC 37.3010.

Froelich v. Swafford, 33 S. D. 142, 144 N. W. 925, 929, was an action by a junior mortgagee to foreclosure and to redeem from the prior mortgage and for an accounting of rents and profit after the first mortgagee had obtained title by foreclosure. In that case this court said:

"When the junior lienholder has been made a party to foreclosure, his right to redeem from the mortgage sale is limited to one year by the statute itself. * * *

"The right of redemption can never be deemed to have been 'foreclosed' except where the party possessing the right to redeem has been made a party to foreclosure proceedings. It is only in this sense that the word 'foreclosed' is used in section 2034 of the Civil Code (SDC 39.0115). It is evident, therefore, that the right to redeem cannot be deemed lost or barred by the foreclosure proceeding itself, but is lost by the failure to redeem from the foreclosure sale within the one-year limitation prescribed by the statutes relating to redemption. When the year has expired without redemption, the right to redeem may be said to be 'foreclosed'; but the exact fact is that the right of redemption is barred by the one-year limitation."

At the time of the assignment of the mortgage by Quincy L. Wright to plaintiff, the period within which to redeem and the period of the moratorium had expired. Wright did not offer to redeem within the year, make partial redemption, SDC 37.3010, or apply under the moratorium statutes, Ch. 145, Laws 1939; Ch. 163, Laws 1941, to have the period extended for his benefit if he was entitled to apply for such relief. The moratorium legislation in this state did not differ materially from the law of Michigan. In the

case of Herman Hughes Lumber Co. v. Wood, 288 Mich. 684, 286 N. W. 126, 128, the court held that where the extension of the period of redemption was procured by mortgagors under the moratorium statute the right of the second mortgagee to redeem was not extended. The court in that case said:

"While the trial court in this particular situation found it 'just and equitable' to compel the first mortgagee to give the mortgagors additional time in which to redeem the property, it does not follow necessarily that the second mortgagee would have been able to present adequate grounds for a similar extension in its own behalf. It is possible that had plaintiff applied for it, the court would have found it a perfectly solvent and responsible company rather than a distressed debtor, so that it would not be entitled to emergency relief under the principles of the above cited decisions. Or the court might have found that there was so little likelihood of the second mortgagee redeeming the property that it would be inequitable to compel the first mortgagee to carry the burden any longer. Cf. Detroit Trust Co. v. Slack, 273 Mich. 461, 263 N. W. 429. If plaintiff could not have obtained the moratorium directly, it should not be permitted to obtain it indirectly through privileges acquired by the mortgagors who were able to bring themselves within the provisions of the statute. On the other hand, if plaintiff was properly entitled to the protection of the statute, it could have intervened in the proceedings between defendant and the mortgagors and been made a party to them and been subjected to such conditions as the court might make. In that event, the moratorium would not have been discontinued without plaintiff being given an opportunity to be heard.

"Instead, the mortgagors secured the extension by injunction against the first mortgagee. Plaintiff was not even mentioned in the bill. We cannot regard such a disposition by the court as an in rem proceeding against the land itself, affecting every party interested in the title. It had simple in personam application, limited to the parties then before the court."

There was no error in the holding of the trial court that plaintiff and his predecessor in interest had no right of redemption after the lapse of the one year period fixed by statute. No harm from the alleged premature issuance of the sheriff's deed has resulted to the plaintiff.

The judgment appealed from is affirmed.

SMITH, P.J., and RUDOLPH and SICKEL, JJ., concur.

POLLEY, J., not sitting.