PINE SHORES REALTY CO. v. PARKER.

1. VENDOR AND PURCHASER—MODIFICATION OF CONTRACT—SUMMARY PROCEEDINGS.

Modification of terms of payment under land contract, if made and performed by vendees, is defense in summary proceedings by vendor to obtain possession.

2. SAME—RESCISSION—FRAUD.

If vendor, by accepting payments in accordance with terms stated by his attorney, ratified claimed modification of land contract and then repudiated modification, it constituted no fraud relating back to origin of contract, and therefore afforded no ground for rescission.

3. Same—Modification of Contract.

> If acceptance by vendees of offer by vendor's attorney modified time and terms of payment due under land contract, it called for unconditional performance by vendees.

4. Same—Assignments—Forfeiture—Parties—Summary Proceedings.

> Failure of vendor to give notice of forfeiture to vendees' assignee and to make assignee party defendant in summary proceedings may be urged on trial of case.

5. Same—Rescission—Fraud.

> Vendees' suit for rescission of land contract and recovery of money paid thereunder was properly dismissed, where bill confessed default in payments, and fraud was predicated upon breach of alleged modification of contract by vendor.

Appeal from Charlevoix; Gilbert (Parm C.), J. Submitted January 9, 1931. (Docket No. 73, Calendar No. 35,292.) Decided February 27, 1931.

Bill by Pine Shores Realty Company, a Michigan corporation, and others, against John H. Parker to rescind a land contract, enjoin summary proceedings, and for other relief. Plaintiffs appeal from an order dismissing the bill. Affirmed.

*Smith & Searl,* for plaintiffs.

*J. M. Harris,* for defendant.

Wiest, J. The bill in this case was filed to rescind a land contract, recover money paid, obtain damages, have a vendee's lien, and restrain a summary proceeding. On motion of defendant the bill was dismissed for want of equity and plaintiffs remitted to remedy, if any, at law.

The land contract was executed May 1, 1926, with defendant as vendor and plaintiffs Buys and White vendees. June 2, 1926, the vendees assigned their

interest in the contract to plaintiff Pine Shores Realty Company. The land contract called for partial payments, which were made for a time and then there was default, and subsequent payments of smaller amounts made, it is claimed, in accord with terms stated in a letter written by defendant's attorney after notice of default had been given. The payments so made did not meet the terms of the land contract, and defendant commenced a summary proceeding to oust plaintiffs. Claiming that acceptance of the money paid in accord with the terms stated in the attorney's letter and known to defendant (the letter having been written in his presence), and then commencing the summary proceeding, constituted a fraud upon them, and, therefore, grounds for rescission, plaintiffs filed this bill.

Consideration is limited to allegations in the bill, the land contract annexed thereto, and the assignment, by the vendees, to the Pine Shores Realty Company.

May 2, 1928, the attorney for defendant wrote James and John Buys and Mr. White a letter, from which we quote:·

"Your contract with John Parker for the purchase of the property known as Springwater Beach resort, has been the subject of discussion with me personally since last October. The record discloses that there is not one payment provided for in this contract that has been met on time. There is now due on the contract for interest, $643.50. Besides that, you are in arrears for $3,000 of the payment due August 1, 1927. Mr. Mitchell is here this morning and proposes to pay Mr. Parker on account of this contract, $643.50 interest, and $1,000 on principal, provided that he releases nine lots, the release of which amounts to $1,500. The 1927 tax has been returned. Mr. Parker would be obligated, under the

terms of his contract, to release these lots, provided the contract was not in arrears, and would do it without question.   *   *   *

"I am advising now, and, so far as I am concerned, this is final, that if Mr. Parker is paid on or before the 9th day of May the interest due him, now computed to the first of May at $643.50 and $1,500 on the principal, that he will wait until August first for the balance of this payment, or $1,500.

"On the payment of the balance of this past due payment, and interest on the $1,500 from May first to August first, then Mr. Parker will revise the contract if you desire, and, if you elect to do so, give you a deed and take a mortgage, or an amendment to the contract making the balance of the payments smaller and extending the time for completion of the payments, with provision that you may pay up at any time.

"Failing to do this, I will bring suit for Mr. Parker against the purchasers under the contract individually for the recovery of the payments and interest now due.

"On payment of the $2,143 on or before May 9, 1928, Mr. Parker will agree in writing to release the lots and apply the release price on the payment of the $1,500 extended to August 1, 1928."

The bill alleges:

"The terms of the offer made in such letter were accepted by plaintiffs, who, in pursuance thereof and in reliance thereon, paid to defendant the following sums: May 8, 1928, six hundred forty-three dollars and fifty cents ($643.50) interest and fifteen hundred dollars ($1,500) principal; May 17, 1928, one hundred ($100) for the release of lot 87, which payment by the terms of said letter of May 2d was to apply on the $1,500 due August 1st. On or about August 1, 1928, plaintiffs paid to defendant the sum of $1,200. All of said payments were accepted by the defendant. Plaintiffs thereupon requested de-

fendant to release certain lots which had been resold by them and which, under the terms of said contract and of said letter, they were entitled to have released to them. Defendant, however, wrongfully refused to execute said releases or deeds. Plaintiffs then informed the defendant that they were able and willing to pay to him the balance of three hundred dollars ($300) due August 1st, under the terms of said letter if he would perform the agreements on his part to be performed and execute said releases and deeds, but defendant refused to do so.''

Modification of terms of payment under the contract, if made and performed, was a defense to be made at law in the summary proceeding. If defendant, by accepting payments, made in accord with the terms stated by his attorney, ratified the claimed modification of the contract, and then repudiated the modification, it constituted no fraud relating back to the origin of the contract and afforded no ground for rescission. No fraud was alleged impeaching the original contract. Assuming, but not deciding, that acceptance of the offer in the letter modified the time and terms of payments due under the contract, then, it certainly called for unconditional performance by plaintiffs. Plaintiffs attached a condition to the payment of the last $300. While in arrears plaintiffs could not demand the release of any lots. The mentioned condition was not justified, and, at the time of the filing of the bill herein, plaintiffs were in default.

Failure to make the assignee of the vendees a party defendant in the summary proceeding, if fatal, can be urged in the trial of that case, and so can the failure, if any, to give notice of forfeiture to the assignee.

The bill states no ground for rescission of the original contract, nor of the contract if modified as claimed, confesses default in payments, alleges modification by forbearance of defendant and gratuitous departure from strict performance, and predicates fraud upon breach of the alleged modification. If such warrants rescission, recapture of payments, damages and a vendee's lien, then a vendor imperils a valid contract by later extending grace to the vendee. Of course, rescission cannot be had in the summary proceeding; nor can it be had under the bill herein.

The decree in the circuit court is affirmed.

Plaintiffs may, within 15 days, if advised that the bill can be amended so as to state a case, in view of this opinion, amend the bill.

Defendant will recover costs.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.