McCLURE v. EDWARD J. MEYER SOUTHFIELD WOODS CORPORATION.

1. VENDOR AND PURCHASER—DEFAULT—RELEASE OF LOTS.
Assignee of vendee is not entitled to benefit of provision in contract for release of lots by vendor on payment of additional sums, where it was in default in contract payments.

2. SAME—FORECLOSURE—APPLICABILITY OF RULE REQUIRING SALE IN INVERSE ORDER OF ALIENATION.
In suit by vendor to foreclose land contract against lots under contract of sale by vendee, but not released by vendor because of vendee's default, and therefore title had not passed, rule requiring sale in inverse order of alienation is not applicable.

3. SAME—VENDOR NOT REQUIRED TO ADJUST EQUITIES BETWEEN VENDEE AND ITS CONTRACT VENDEES.

Vendor foreclosing land contract requiring release of lots on payment of additional sums, was not required, before or during foreclosure, to adjust equities between vendee and its land contract vendees.

4. SAME—DEFAULT—EFFECT OF RELEASE OF LOTS.

Release of lots pursuant to contract did not cut off vendor's right to foreclosure on all lots not released on vendee's default in payments.

5. SAME—STATUTORY PROVISIONS FOR FORECLOSURE OF MORTGAGES NOT APPLICABLE TO LAND CONTRACTS.

Proceedings to foreclose land contracts are not regulated by statutory provisions with respect to foreclosure of mortgages.

6. SAME—FORECLOSURE AGAINST LOTS SOLD BY VENDEE—EQUITY.

In suit by vendor to foreclose land contract against lots under contract of sale by vendee, decree ordering such lots sold subject to balance to become due on land contract, to satisfy amount past due, from which purchasers have not appealed, worked no harm to vendee.

Appeal from Wayne; Jayne (Ira W.), J. Submitted April 14, 1931. (Docket No. 75, Calendar No. 35,375.) Decided June 1, 1931.

Bill by John W. McClure and others against Edward J. Meyer Southfield Woods Corporation, a Michigan corporation, and others to foreclose a land contract. Decree for plaintiffs. Defendant corporation appeals. Affirmed.

*Sempliner, Dewey, Stanton & Bushnell* (*Arthur F. Neef* and *D. Neil Reid,* of counsel), for plaintiffs.

*William S. McDowell,* for defendant corporation.

WIEST, J. This is foreclosure of a land contract for payments in default, there being no acceleration provision.

Defendant Edward J. Meyer Southfield Woods Corporation is assignee of the vendee, and admits default in payments, but, notwithstanding, claims right to have lots released under terms of the contract. The contract described a single parcel of land and contained an agreement that the vendors would join in a plat subdividing the parcel into lots. The tract was subdivided into lots, and plaintiffs joined in executing the plat. The land contract also provided:

"It is further agreed that the parties of the first part will release any lot or lots of any subdivision to be made of said premises or any part thereof, from the liens, terms or provisions of this contract on the payment, to apply on principal on the basis of ten ($10) dollars per front foot, such payments not to be considered a part of the regular yearly payments mentioned in this contract, but as additional payments on principal."

Some lots were sold by the vendee and released by the vendors, and some were sold, and because of default in payments under the land contract, releases were refused.

After the bill was filed, plaintiffs joined purchasers of lots as defendants and later dismissed them from the case. The decree found $59,386.82, due for payments in default, interest, and taxes, granted 30 days' time for payment, mentioned the fact of the subdivision of the tract into lots, release of some lots, provided for release of other lots upon payment for the same by the purchasers thereof, within 30 days, and directed sale of the premises, not so released, as an entirety, subject to $40,665, unpaid, but not then due on the contract. The Edward J. Meyer Southfield Woods Corporation

appealed. Purchasers of lots, made defendants and then dismissed, have not appealed.

Defendant claims the right to have lots released, regardless of default in contract payments. This is contrary to the express terms of the contract, and to our holding in *Pine Shores Realty Co.* v. *Parker*, 253 Mich. 300.

The decree gave lot purchasers an opportunity to save their interests; they have not appealed, and their dismissal, as defendants, worked no harm to defendant corporation. The decree excepted from sale lots released. Other lots, under contract of sale by defendant, were properly withheld from release by reason of defendant's default; therefore, title had not passed and the rule requiring sale in inverse order of alienation was not applicable. Plaintiffs were not required, before or during foreclosure, to adjust the equities between the defendant corporation and its land contract vendees, nor, by release of lots, had they cut off their right to foreclosure on all the lots not released. Lots not released before sale were ordered sold "in their entirety," and were sold, by designated lot numbers, to plaintiffs subject to the balance to become due on the land contract.

Defendant contends that the lots could only be sold separately, citing *Jerome* v. *Coffin*, 243 Mich. 324 (a mortgage foreclosure), where this court applied the statutory provision (3 Comp. Laws 1929, § 14431), regulating sales under mortgage foreclosure. Proceedings to foreclose land contracts are not regulated by statutory provisions with respect to foreclosure of mortgages. *Jones* v. *Bowling*, 117 Mich. 288; *Drysdale* v. *P. J. Christy Land Co.*, 248 Mich. 184; *Craig* v. *Black*, 249 Mich. 485.

The interest decreed to be sold, and sold, was the equitable title of the vendee, and this was sold to satisfy the amount past due. We repeat, that purchasers from the vendee of lots not released by the vendor were accorded opportunity to pay and obtain releases, and no such purchaser has appealed.

This record discloses no reason for disturbing the decree in the circuit court, and it is affirmed, with costs to plaintiffs.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.