GREGORIAN BUILDING CO. *v.* GALVIN.

1. APPEAL AND ERROR—SUMMARY PROCEEDINGS.

Question as to jurisdiction of court in summary proceedings because of failure to offer proofs tending to show termination of contract by notice of forfeiture, may not be first raised on appeal from circuit court where record does not contain the full record on appeal from the circuit court commissioner to the circuit court and the question is not raised in defendant's claim of appeal (Court Rule No. 59, § 3, subd. d [1931]).

2. CORPORATIONS—ANNUAL REPORT—SUSPENSION OF CORPORATE POWERS.

Mere irregularity by corporation in filing annual report required by Act No. 327, § 82, Pub. Acts 1931, did not work suspension of its corporate powers, where report filed was later approved upon receipt of name of omitted director, so as to render corporation unable to bring summary proceedings to recover possession of property sold on land contract executed before report was finally accepted.

3. JUDGMENT—SUMMARY PROCEEDINGS—FORM.

Judgment in summary proceedings on appeal from circuit court commissioner should be limited to, a determination of the right of possession and a determination of the amount due and should not be in form of a money judgment.

4. APPEAL AND ERROR—BELATED CROSS-APPEAL.

Belated cross-appeal in summary proceedings under land contract *held*, proper in case where defendant made down payment of $3,500 on $82,450 purchase price, failed to make repairs or payments of principal, interest or taxes and obtained appeal to circuit court by use of worthless bonds necessitating that plaintiff move for order requiring sufficient bonds.

5. SAME—REMAND FOR DETERMINATION OF AMOUNT DUE.

Case is remanded for redetermination of amount due on land contract as of time of such rehearing where amount due thereunder is sole question for decision on belated cross-appeal and case on defendant's appeal is affirmed.

Appeal from Wayne; Jayne (Ira W.), J. Submitted June 6, 1934. (Docket No. 49, Calendar No. 37,757.) Decided September 18, 1934.

Summary proceedings by Gregorian Building Company, a Michigan corporation, against Patrick J. Galvin to obtain possession of premises. From judgment for plaintiff, defendant appeals. Plaintiff filed motion for leave to file belated cross-appeal. Affirmed on main appeal. Motion granted and case remanded for redetermination of amount due.

*Samuel Shimans (John Sklar,* of counsel), for plaintiff.

*Maurice D. Smilay,* for defendant.

POTTER, J. Plaintiff brought suit in circuit court commissioner's court to recover possession of premises sold under land contract. Plaintiff had judgment and defendant appealed to the circuit court

where the case was tried, resulting in a verdict for plaintiff for the possession of the premises and a finding that there was due the sum of $1,853 and costs. Defendant filed notice of appeal, claiming:

"1.  The court erred in overruling the testimony of the appellant, Patrick J. Galvin.

"2.  The court erred in overruling the defendant's motion for a verdict of not guilty on the ground that the said plaintiff had failed to file its annual report for the year of 1931 as required by law.

"3.  The court erred in denying the defendant's motion for a verdict of not guilty on the ground that a correct construction of the land contract automatically rendered the defendant not guilty.

"4.  The court erred in entering a judgment both for the restitution of the premises and for a money judgment and costs."

In the full notice of appeal defendant specified the following portions of the records and files to be incorporated in the record on appeal:

"1.  The full record on appeal from the circuit court commissioner of Wayne county;

"2.  Verdict;

"3.  Judgment."

Under Court Rule No. 59, § 3, subd. d (1931), no other grounds or reasons for appeal shall be considered except those stated. Defendant claims the court did not acquire jurisdiction in view of the fact no proofs were offered tending to show plaintiff had terminated the contract by notice of forfeiture. Defendant may not raise that question. The record does not contain the full record on appeal from the circuit court commissioner of Wayne county to the circuit court and this question is not raised by the defendant's claim of appeal.

It is claimed the court erred in overruling defendant's motion for a verdict of not guilty on the ground plaintiff had failed to file its annual report for the year 1931 as required by law (Act No. 327, § 82, Pub. Acts 1931). The record shows plaintiff submitted to the secretary of State its annual report for 1931 on September 8th, with sufficient fees, and the report was held by the secretary of State pending receipt of the name of the third director, the report having been signed by only two directors; that the name was received and the report accepted for final filing May 31, 1932. We think defendant's contention is fully answered by *R. C. Mahon Co.* v. *Molin,* 252 Mich. 606, and the contention made is without merit.

We find no error in the court's construction of the contract. The judgment entered should have been limited to a determination of the right of possession and a determination of the amount due and should not have been in the form of a money judgment. This evidently was a clerical mistake and, had it been called to the attention of the trial court, would undoubtedly have been corrected. *Gill* v. *DeArmant,* 90 Mich. 425.

Plaintiff filed a motion in this court for leave to file a belated cross-appeal, from which it appears that apart from a down payment of $3,500 upon an agreed purchase price of $82,450, nothing has been paid on the principal or interest on the land contract or upon the taxes accrued and accruing; that defendant, by means of worthless bonds, succeeded in appealing to the circuit court where plaintiff was compelled to move for an order requiring sufficient bonds; that plaintiff, although awarded possession of the property, has been compelled to expend a large sum of money for repairs and replacements made

necessary through the failure of the defendant to properly maintain the premises during the period of his occupancy. There is no question but what the court, upon a proper showing, has a right to grant a belated cross-appeal. We think one should be granted in this case. The sole question on such cross-appeal being the amount due under the land contract, the case should be remanded to the circuit court for a redetermination of the amount due thereon as of the date of such rehearing in the circuit court thereon, and for entry of a finding of such amount due, with costs.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.