EQUITABLE TRUST CO. *v.* KATZ.

1. MORTGAGES—MORATORIUM RELIEF—EQUITY.

Relief under moratorium acts is committed to courts of equity in order that circumstances of each particular case shall be weighed to determine the reasonable relief appropriate to the person as well as consistent with the emergency (Act No. 98, Pub. Acts 1933, as amended).

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

On appeal from order granting moratorium relief to intervening defendants who claimed they had purchased equity of redemption subject to trust mortgage, decision is based upon pleadings, where, although triable issues were framed, neither party requested trial thereon and no testimony was taken (Act No. 98, Pub. Acts 1933, as amended).

3. MORTGAGES—MORATORIUM RELIEF—EQUITY—SPECULATION.

Petitioners for relief under mortgage moratorium act who fail to show title in themselves other than general allegation thereof, assumption of mortgage obligation, reason for failing to pay taxes and insurance, disposition of income since decree of foreclosure and date, amount paid and reason for purchasing equity of redemption *held*, not entitled to such relief where record shows practically no income was used to pay taxes, petition was not filed until four days before period of redemption expired and they had endeavored to get bondholders to accept less than amount of the bonds, since record indicates purchase was made for speculative purposes (Act No. 98, Pub. Acts 1933, as amended).

4. SAME—MORATORIUM RELIEF—PURCHASE DURING FORECLOSURE—ASSUMPTION OF LIABILITY—SPECULATION.

Essential purpose of mortgage moratorium act is to afford relief to mortgagors finding themselves in oppressed and straightened circumstances because of existing and general financial depression is not subserved by affording means of profit to one who purchased mortgagor's interest during course of foreclosure, without assumption of mortgage obligation, evidently with view of application for stay in order to obtain time to refinance mortgage or induce bondholders to take less than their aliquot share and thereby increase speculator's profits (Act No. 98, Pub. Acts 1933, as amended).

5. SAME—BURDEN OF PROOF.
    One seeking relief under mortgage moratorium act must allege
    and prove facts which move the discretion of the court in his
    behalf (Act No. 98, Pub. Acts 1933, as amended by Act No. 20,
    Pub. Acts 1934 [1st Ex. Sess.], and Acts Nos. 3, 152, 158,
    Pub. Acts 1935).

Appeal from Wayne; Toms (Robert M.), J. Submitted October 22, 1935. (Docket No. 123, Calendar No. 38,568.) Decided January 6, 1936.

Bill by Equitable Trust Company, a Michigan corporation, against Guy L. Breon and others to foreclose a trust mortgage. On petition of Saul Katz and wife to intervene and for relief under mortgage moratorium act. Order for interveners. Plaintiff appeals. Reversed.

*Yerkes, Goddard & McClintock (Shirley T. Johnson,* of counsel), for plaintiffs.

*Louis Smilansky* and *David Goldman,* for interveners.

TOY, J. This is an appeal from a moratorium. A trust mortgage upon an apartment building was executed in 1925, to secure bonds amounting to $95,000. In October, 1931, a bill to foreclose the mortgage was filed and, at that time, $62,000 of the bonds were outstanding. Final decree was entered in October, 1932, the foreclosure sale was held in February, 1935, and the property purchased by the members of the bondholders' protective committee for the sum of $46,500, that being approximately 75 per cent. of the principal amount of the bonds outstanding. The foreclosure sale was confirmed by order of the court in April, 1935. The redemption period expired August 20, 1935.

On August 16, 1935, that being four days prior to the expiration of the redemption period, the intervening defendants who had purchased the equity of redemption, but at what time and for what amount does not appear, filed a petition for relief under the moratorium act (Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [1st Ex. Sess.], and Acts Nos. 3, 152, 158, Pub. Acts 1935), and on August 20, 1935, upon oral arguments of counsel and without any testimony being taken or other evidence being submitted, the court granted the relief prayed for, for the period of six months, or until the further order of the court, on condition that the appellees pay the net income accruing subsequent to August 20, 1935, after the payment of expenses of operation, to the clerk of the court, to be held subject to the further order of the court.

The appeal of the plaintiff presents the question: Are the petitioners entitled to relief under the Michigan moratorium act (Act No. 98, Pub. Acts 1933, as amended).

This court, in construing the moratorium act in the case of *Virginian Joint Stock Land Bank of Charleston* v. *Hudson,* 266 Mich. 644, 649, said,

"It commits the remedy to courts of equity in order that the particular circumstances of each particular case shall be weighed to determine the reasonable relief appropriate to the person as well as consistent with the emergency."

The "particular circumstances" alleged in the petition of defendants seeking to invoke the moratorium act in their behalf are, in substance, as follows:

That they "have endeavored to negotiate with the bondholders for the purchase of said bonds, outstanding, and have made an offer for said bonds, but

to date the said offer has not been accepted;'' that they are unable to redeem the said premises; that ''since they have obtained said premises they have (made) vast and extensive repairs thereby enhancing the value of the property; that the value of the property and the equity they have in said premises amounts to considerable more than the balance due under said mortgage;'' that the reason they had not sought prior relief was ''because they were advised that they were not entitled to file for relief until the passage of the amendatory legislation in the closing days of the legislative session of 1935, amending the mortgage moratorium laws, and for the reason that they were negotiating for the sale of the outstanding bonds herein mentioned;'' and that they offer to pay to the clerk of the court, under court order, the future rental of said premises.

Plaintiff in its sworn answer to the petition states that the records and files in the Wayne county tract index department show that the petitioners have no interest in the premises involved, and that plaintiff has no knowledge or notice of any interest petitioners might have therein; that plaintiff has no knowledge or information regarding petitioners' alleged attempt to negotiate for the purchase of the outstanding bonds; that (on information and belief) ''no plan of reorganization has been suggested by anyone for said bond issue, and that no one has offered to pay the balance due upon said bonds and coupons;'' that it (plaintiff) neither admits nor denies that the petitioners are able to redeem, but leaves them to their proofs; that (on information and belief) the petitioners have no equity in the premises; that the premises are in a bad state of repair; that (on information and belief) the value of the property is less than the balance due upon the mortgage and bonds; that the amendment to the

Michigan moratorium act was made effective in February, 1935, and therefore the petitioners were guilty of laches in not sooner applying for relief thereunder; that city, county and State taxes for the years 1931 to 1935, inclusive, in the amount of $11,715.14, due and owing against the said premises have not been paid; that the mortgagors and petitioners have failed and neglected to pay the insurance on said premises, and that plaintiff had been obliged to cause insurance to be issued upon said premises in the amount of $50,000, for which it became obligated to pay the premiums thereon; that the income from the premises since March 1, 1931, has been devoted to purposes other than paying the mortgage indebtedness and taxes against the said premises; that the income from said premises has been sufficient to at least pay the taxes accruing against the same; that the petitioners have no substantial investment in the premises; that the interest of the bondholders in said premises is far superior and more substantial than the interest of said petitioners, and that to grant moratorium relief to the petitioners would cause great and irreparable damage to the bondholders.

After the filing of plaintiff's answer to the petition defendant Saul Katz filed his affidavit, in which, after detailing the cost of operation of said premises and the income therefrom over a period of six months, affirms, "that the property was bid in at the sale for $46,000,* which is 75 per cent. of the outstanding bonds against the premises; that he has tried to negotiate with the plaintiff and its representatives and was able to make them an offer of $31,000, but that such offer was refused;" and that, "he has a large investment in the premises;" and that he "has obtained blanks and is filing with the

---

* The sale was made for $46,500. See *ante*, p. 213.—REPORTER.

Reconstruction Finance Corporation an application for a loan for a sufficient amount to pay off the indebtedness claimed by plaintiff.''

Although the pleadings clearly framed triable issues, neither party requested a trial thereon; there was no testimony taken, nor other material showing made to the circuit court than that hereinbefore related. We are therefore required to base our decision on the pleadings, the substance of which we have set forth above at some length.

The petitioners make no showing of title in themselves, except a general allegation thereof; nor do they show assumption of the mortgage obligation; nor any reason for failing to pay taxes or insurance; nor do they make account or explanation of the income from the premises since the decree of foreclosure; nor do they allege the date of their purchase of the equity of redemption, the price paid therefor, nor their reason for purchasing it. These, we think, were ''particular circumstances'' which need to be shown in this particular case before moratorium relief could be granted. The failure of petitioners to allege and prove these particular circumstances, considered in conjunction with the facts of record, that practically none of the income from the premises was used for the payment of taxes, interest or insurance, and that the petition was not filed until four days before the expiration of the redemption period, and that the petitioners endeavored to get the bondholders to accept less than the amount of the bonds, lead us to the conclusion that the petitioners purchased the equity of redemption for speculative purposes. Therefore under the circumstances of this particular case, the petitioners may not invoke the aid of the moratorium act. *Virginian Joint Stock Land Bank of Charleston* v. *Hudson, supra.*

We said in *Union Guardian Trust Co.* v. *Harry & Max Dunitz, Inc.*, 273 Mich. 607, that:

"The purpose essential to justification of the mortgage moratorium enactment is affordance of relief to mortgagors finding themselves in oppressed and straightened circumstances due to existing and general financial depression. One not a debtor by execution or assumption of a mortgage may not, during course of foreclosure, make another's distress a speculative means of profit through invocation of a moratorium.

"The provisions of the moratorium act may not be invoked by speculators in equities of redemption without assumption of the mortgage obligation and especially not, as in the instance at bar, where the purchase was so made during the course of foreclosure and evidently with the view of application for stay in order to obtain time within which to refinance the mortgage or induce the holders of the mortgage bonds to take less than their aliquot share of the mortgage security and thereby increase the profits of the speculator."

See, also, *Tuxedo Enterprises, Inc.*, v. *Detroit Trust Co.*, 272 Mich. 160.

In the case of *Virginian Joint Stock Land Bank of Charleston* v. *Hudson, supra,* the court said (p. 652):

"Being the moving party, the mortgagor must *allege and prove* facts which move the discretion of the court in his behalf."

This the petitioners in the instant case have not done, therefore the order granting the moratorium is vacated, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and POTTER, JJ., concurred.