GALVIN v. GREGORIAN BUILDING CO.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—EXTENSION OF MORATORIUM.

Validity of extension of moratorium in land contract forfeiture proceeding by order entered after expiration of previous extension without proper showing by plaintiff is not determined where question is not before Supreme Court.

2. SAME—EQUITY CASE TRIED DE NOVO.

On appeal in equity Supreme Court tries case *de novo*.

3. SAME—VEXATIOUS APPEAL—LAND CONTRACT MORATORIUM.

On appeal from decree dismissing bill of complaint and order denying rehearing in suit to extend moratorium in land contract forfeiture proceeding, commenced after previous extension had expired, record *held*, to present no case for relief where bill was dismissed without objection, rehearing was, in effect, consented to, all relief prayed was granted, no question is before Supreme Court and appeal is frivolous and vexatious.

4. COSTS—VEXATIOUS APPEAL—MORATORIUM.

Appellee is granted $100 additional costs where appeal in moratorium suit is found frivolous and vexatious.

Appeal from Wayne; Toms (Robert M.), J. Submitted March 13, 1936. (Docket No. 133, Calendar No. 38,845.) Decided April 6, 1936.

Bill by Patrick J. Galvin against Gregorian Building Company, a Michigan corporation, for relief under the land contract moratorium act. Bill dismissed. Plaintiff appeals. Affirmed.

*M. D. Smilay,* for plaintiff.

*Samuel Shimans (John Sklar,* of counsel), for defendant.

TOY, J. After our decision in *Gregorian Building Co. v. Galvin,* 268 Mich. 273, in which we remanded that case to the circuit court for a redetermination of the amount due under the land contract between the plaintiff therein (defendant herein), vendor, and the defendant therein (plaintiff herein), vendee, the lower court entered a corrected finding fixing the amount due from the vendee to the vendor of such land contract at $62,665.51.

On March 5, 1935, plaintiff herein filed a bill of complaint in this cause seeking a moratorium,* to

* See Act No. 4, Pub. Acts 1935, effective February 26, 1935.—RE-PORTER.

which defendant herein filed its answer in denial. The circuit judge, without taking testimony on the issues involved, granted an order extending the period of redemption from the forfeiture of the land contract to June 18, 1935. This order was made previous to our decisions in *Union Guardian Trust Co.* v. *Harry & Max Dunitz, Inc.,* 273 Mich. 607, and *Equitable Trust Co.* v. *Katz,* 274 Mich. 212. After the expiration of the redemption date (June 18, 1935) and on June 28, 1935, plaintiff filed a petition to again extend the time of redemption, and the court, on July 8, 1935, extended the time 60 days from June 18, 1935. While we doubt the authority of the circuit judge to make this latter order in view of no proper showing having been made by plaintiff, we do not determine that point, it not being before us. The period of redemption granted by this latter order expired on August 18, 1935. No further extensions were applied for or granted.

On November 9, 1935, defendant filed a motion to dismiss the bill of complaint, for the stated reason that the period of redemption had expired without any redemption having been effected. The record discloses no opposition by plaintiff to this motion. The court, on November 12, 1935, granted the motion and entered its order dismissing the bill of complaint. On December 2, 1935, plaintiff filed a motion to set aside the "decree" dismissing the bill of complaint and to grant a rehearing. Such motion set forth as alleged reasons for its allowance the following:

"That plaintiff is prepared to offer testimony of importance, which is necessary to incorporate in the record for purpose of appeal to Supreme Court.

"That negotiations to refinance are progressing satisfactorily and that he (plaintiff) can redeem before the moratorium law expires in March, 1937."

This motion for rehearing was denied by the court on December 13, 1935, and in its order the court stated:

"The motion of said plaintiff herein for rehearing having come on for hearing, and Mr. Maurice D. Smilay, attorney for said plaintiff, having appeared and stated in open court that he merely desired leave to supplement the record in this cause for the purpose of appeal by adding the monthly management reports of the Victoria Apartment Hotel, the subject matter of this writ, and having further stated that with the exception the said motion for rehearing may be denied; and no objection having been made thereto by counsel for defendant:

"It is hereby ordered that the plaintiff herein may file in this cause for purpose of inclusion in any record on appeal to be prepared, the monthly operating reports of the said Victoria Apartment Hotel, furnished by defendant to said plaintiff or his counsel."

Plaintiff then filed four statements of "receipts and disbursements" of the Gregorian Building Company, but for what purpose or to what end the record does not disclose.

Plaintiff, on January 2, 1936, filed claim of appeal.

Why this case is before us we do not know. The "reasons and ground of appeal," filed by plaintiff, do not advise us. They are:

"1. The court erred in dismissing plaintiff's bill of complaint as a matter of law.

"2. The court erred in dismissing plaintiff's bill of complaint as an abuse of discretion.

"3. The court erred in dismissing plaintiff's bill of complaint because said dismissal was contrary to equity and good conscience."

In what particular the court "erred" is not pointed out. Nor does appellant's brief inform us.

Under statement of questions involved, appellant states, in his brief, as the sole question to be determined by this court:

"1.   This is an action for relief under the so-called land contract moratorium act.  Property in question is a large apartment hotel, value in the neighborhood of $100,000.  Sum found due by court for redemption approximately $63,000.  Where defendants are in possession receiving all the benefits, emoluments and income of said property, did the circuit court err in denying the plaintiff relief under the act?

"Court answered 'No.'

"Plaintiff contends 'Yes.' "

The difficulty with this "question" is that nowhere did the circuit court deny plaintiff any relief. We are directed to no such action.  Even on motion for rehearing of the order dismissing the bill of complaint, plaintiff's request to augment the record for the purpose of appeal to this court was granted. Counsel for plaintiff, in effect, agreed that the motion for rehearing be denied.

Plaintiff's argument in his brief is contained on one page thereof.  He cites us to no authority whatever, but contents himself with saying:

"If ever there was a case that fitted into the moratorium picture, this is it.

"Without any damage to this defendant an opportunity is given to the plaintiff to save his investment.  Exactly what the moratorium act contemplated.  No further argument is necessary.  This plaintiff is entitled under the act the opportunity to redeem on or before March 1, 1937, and therefore the circuit court erred in denying this plaintiff the relief he seeks."

This case being before us *de novo,* we have examined the record as a whole, yet we fail to find any-

thing showing that plaintiff is entitled to relief. His bill of complaint was dismissed without objection. His counsel consented to an order denying rehearing. There is nothing before us.

The appeal is frivolous and vexatious. The decree of the circuit court is affirmed, with costs to defendant. Because the appeal is vexatious, the defendant will recover $100 additional costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and POTTER, JJ., concurred.