## DESHETSKI *v*. KUDNER.

1. VENDOR AND PURCHASER—DEFAULT—VENDOR'S REMEDIES.
   Upon failure of vendee under an executory land contract to make payments due thereunder, vendor, after service of notice upon vendee declaring the contract forfeited, may, independently of statute, either bring suit in equity to foreclose the contract or bring ejectment, and, strictly pursuant to statute bring summary proceedings to recover possession (3 Comp. Laws 1929, § 14975).

2. FORCIBLE ENTRY AND DETAINER—STATUTORY CONDITIONS—PAYMENT.
   He who seeks possession of property for violation of lease or contract of sale for nonpayment of money due thereunder takes the remedy subject to condition imposed by statute permitting lessee or vendee to retain benefit of contract by making payment within time prescribed by statute.

3. SAME—JUDGMENT FOR PREVIOUS UNPAID INSTALMENTS—SUBSEQUENT DEFAULT.
   The procuring of a judgment for previous instalments under a land contract, which remains unsatisfied, will not bar a vendor from declaring a forfeiture for defaults in payment of subsequent instalments.

4. Same—Statutes—Judgment—Possession—Amount Due.

    Under statute governing summary proceedings to recover possession of lands held contrary to conditions of an executory contract, if it appears upon trial that plaintiff is entitled to possession because of nonpayment of sums due on purchase price under written contract, then the trial court is to render judgment for plaintiff for possession of the premises and state amount due plaintiff in the judgment (3 Comp. Laws 1929, §§ 14975, 14979).

5. Same—Judgment—Purpose—Protection of Defendant.

    Object and purpose of judgment in summary proceedings, limited to determination of the right of possession and amount due, is to decide extent of defendant's liability to plaintiff and enable defendant to discharge such liability, reinstate his contract and have record evidence of payment and discharge for purpose of protecting his rights (3 Comp. Laws 1929, §§ 14975, 14979).

6. Same—Redemption—Equity.

    Failure of defendant in summary proceedings to pay amount found to be due within statutory time fixed by judgment terminates his rights and he does not have remedy in equity thereafter to contend contract is forfeited and recover amount paid on contract less reasonable rental value of the premises, as questions decided in summary proceedings may not, in absence of fraud, be re-examined in equity.

7. Vendor and Purchaser—Forfeiture—Redemption—Judgment for Unpaid Instalments—Injunction—Recovery of Payments.

    Assignee of purchaser under land contract who failed to redeem in forfeiture proceedings brought by vendor *held*, entitled to injunction setting aside judgment previously obtained for then due and unpaid instalments on the contract but not entitled to recover payments made on contract less reasonable rental value on ground of rescission (3 Comp. Laws 1929, §§ 14975, 14979).

Appeal from Lapeer; Cramton (Louis C.), J. Submitted January 12, 1937. (Docket No. 103, Calendar No. 39,325.) Decided March 1, 1937.

Bill by Theodore Deshetski against Lena Kudner to set aside a justice court judgment, vacate a land contract foreclosure, for an injunction and other re-

lief. From decree rendered, plaintiff appeals. Affirmed.

*John R. Rood,* for plaintiff.

*Herbert W. Smith,* for defendant.

POTTER, J. November 11, 1927, Lena Kudner and her husband entered into a written contract to sell a farm in Lapeer county to Walter and Lotta Gregory, husband and wife, receiving $2,667 at the time the contract was made, and leaving $1,833, plus $500 for stock and tools, to be paid in instalments of $200 semi-annually, with interest at six and one half per cent. per annum on the unpaid balance.

December 7, 1927, the Gregorys, with the consent of the vendors, assigned their interest under the contract to the plaintiff Deshetski, who thereafter made further payments thereon to the vendors of $837.04, and also paid the taxes on the property and insurance for four years, built a new barn on the place, and put a new roof and siding on the house at a cost of $197.

November 24, 1933, defendant Lena Kudner, the surviving vendor, brought suit on the contract against Deshetski and recovered judgment December 5, 1933, for unpaid instalments of $407.48, together with $3.40 costs of suit. The judgment remaining unpaid, May 10, 1934, defendant Lena Kudner gave plaintiff written notice that unless defaulted payments were made within 10 days she would institute proceedings to foreclose.

May 24, 1934, defendant Lena Kudner filed a complaint in summary proceedings to recover possession, and June 9, 1934, judgment was entered by the circuit court commissioner in her favor. Three

months later, no redemption having been made, she took possession of the premises. July 1, 1935, she sold the premises to a third party.

The judgment which she recovered remaining unpaid, in April, 1936, defendant Lena Kudner filed an affidavit for garnishment, before the justice of the peace who rendered the judgment for the defaulted instalments on the contract, and by writ of garnishment tied up plaintiff's deposit in the State Bank of Mayville.

May 4, 1936, plaintiff Deshetski filed a bill in this cause praying an injunction to stop the garnishment and to recover what had been paid on the contract. The trial court entered an order for an injunction, upon the giving of a bond, which was filed, and June 12, 1936, the court decreed that, by forfeiture of the contract, the justice's court judgment was voided, but that the plaintiff was not entitled to have the payments made on the contract refunded. Plaintiff only has appealed.

The statute, 3 Comp. Laws 1929, § 14975, provides for summary proceedings to recover the possession of land as follows:

"When any person shall hold over any lands or tenements, * * * contrary to the conditions or covenants of any executory contract for the purchase of lands or tenements, * * * the person entitled to any premises may recover possession thereof," etc.

This statute came before the court for construction in *Lambton Loan & Investment Co.* v. *Adams,* 132 Mich. 350, where it is said:

"Three actions were open to the complainant upon the failure of the vendee to make payments, and the service of notice upon him declaring the contract

forfeited: (1) A suit in equity to foreclose the contract; (2) an action of ejectment; (3) proceedings under the statute. The first two actions exist independent of the statute. The third is purely statutory. The only violation of the vendee's contract in this case was his failure to make payments. This brought him directly within the terms of the statute. He who seeks possession for violation of a lease or contract of sale for nonpayment of money due thereunder takes the remedy subject to the conditions imposed by the statute. The statute was designed to provide a speedy and summary remedy for obtaining possession of lands held over contrary to these agreements, and in doing so it also sought to give the lessee or vendee another opportunity to retain the benefit of his contract by payments within five days, where the failure to pay was his sole default."

The rule in this case was reaffirmed in *Donnelly* v. *Lyons,* 173 Mich. 515, and in other cases.

The defendant, Lena Kudner, as plaintiff, recovered a judgment against the plaintiff, who was defendant in justice's court, for $407.48, plus the $3.40 costs of suit, on December 5, 1933.

"The procuring of a judgment for previous instalments, which remains unsatisfied, will not bar a vendor from declaring a forfeiture for defaults in payment of subsequent instalments." 66 C. J. p. 766.

See, also, *Rose* v. *Rundall,* 86 Wash. 422 (150 Pac. 614).

There was no attempt to rescind the contract. Defendant Kudner sued plaintiff on the contract to recover for instalments and, by the notice given May 10, 1934, plaintiff was notified there was due and remaining unpaid on the land contract the sum

of $400 as principal and interest in the sum of $130 and "you are further notified to pay said sum within ten days from the date of this notice, or in default thereof proceedings will be instituted to foreclose said contract."

Nothing was done, and summary proceedings were instituted in pursuance of the statute above mentioned and in accordance with the notice.

Plaintiff claims this amounted to a rescission of the contract, and that he is entitled to recover everything paid upon the contract, less the reasonable rental value of the premises.

Under the statute, 3 Comp. Laws 1929, § 14975, governing summary proceedings to recover the possession of lands held over contrary to the conditions or covenants of an executory contract for the purchase of the same, upon the trial of the case, if it shall appear that the plaintiff is entitled to the possession of the premises, in consequence of the non-payment of any sum of money due, as a portion of the purchase money of the premises, under a contract in writing for the purchase thereof, then the trial court is to render judgment in favor of the plaintiff for the possession of the premises, and shall, in addition, ascertain and determine the amount due the said plaintiff, and such amount shall be stated in the judgment. 3 Comp. Laws 1929, § 14979.

Under this statute, it has been held the judgment should be limited to a determination of the right of possession and a determination of the amount due. *Gregorian Building Co.* v. *Galvin,* 268 Mich. 273. The object and purpose of this judgment ascertaining and determining the amount due on the contract is to determine and decide the extent of defendant's liability to plaintiff, and to enable defendant to pay

and discharge that liability and thus reinstate the contract and have record evidence of the payment and discharge for the purpose of protecting his rights.

If the defendant does not pay the amount found to be due on the contract within the statutory time fixed by the final judgment, then defendant has not redeemed from the judgment of the trial court and his rights are at an end, and he cannot thereafter, by suit in equity, contend the contract has been forfeited and he entitled to recover the amount paid upon the contract, less the reasonable rental value of the premises. Plaintiff had a remedy in the summary proceedings to redeem and, not having availed himself of that remedy, his rights are at an end. *Pine Shores Realty Co.* v. *Parker,* 253 Mich. 300. The questions there decided may not, in the absence of fraud, be re-examined in equity. *Security Investment Co.* v. *Meister,* 214 Mich. 337.

The trial court set aside the judgment of $407.48, together with costs of $3.40, but refused to give plaintiff further relief. Decree affirmed, with costs.

Fead, C. J., and Butzel, Bushnell, Sharpe, and Chandler, JJ., concurred with Potter, J.

Wiest, J. (*concurring*). Defendant, not having claimed a cross-appeal from the decree setting aside the judgment, can be granted no relief, and, therefore, I am constrained to concur in the affirmance.

North, J., concurred with Wiest, J.