## GOODSPEED *v.* GOODSPEED.

1. DIVORCE—PROPERTY SETTLEMENT—CONTEMPT.
   Order of circuit court requiring husband, plaintiff in suit for divorce, either to pay bill for breakfast nook set as required by property settlement portion of decree entered in Supreme Court or deposit equivalent sum of money with clerk of the circuit court is affirmed, claim that it was an attempt to enforce such provision by contempt proceedings being without merit under the circumstances.

2. SAME—CONTEMPT—DECREES.
   Order failing to find defendant wife in contempt of court for failure to execute certain deeds and to deliver certain personal property to plaintiff is affirmed where deeds were not requested or presented and decree does not require her to remove personalty from where it was left by plaintiff and deliver it to him at such destination as he may request.

3. COSTS—DIVORCE—FRIVOLOUS AND VEXATIOUS APPEAL.
   On plaintiff husband's appeal from orders of circuit court relative to compliance with provisions of decree as to property matters, where it appears plaintiff's failure is inspired by personal animus and malice toward defendant rather than any conscientious effort to end litigation and his appeal appears to be frivolous and vexatious, appellee is not only awarded costs of both courts but $50 additional costs.

Appeal from Kent; Brown (William B.), J. Submitted June 6, 1945. (Docket No. 26, Calendar No. 43,031.) Decided June 29, 1945.

* Continued from Vol. 311.

(1)

Petition by Peggy R. Goodspeed, defendant, to have John W. Goodspeed, plaintiff, adjudged guilty of contempt of court for failure to comply with decree of Supreme Court. Petition by plaintiff to have defendant adjudged guilty of contempt of court for failure to comply with decree of Supreme Court. From orders entered, plaintiff appeals. Affirmed and remanded for further proceedings.

*Allaben & Wiarda,* for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal,* for defendant.

BOYLES, J. This is an appeal from orders entered in contempt proceedings to enforce provisions of a decree for divorce entered in this court. One of the provisions in the decree of divorce entered in *Goodspeed* v. *Goodspeed,* 300 Mich. 371, is as follows:

"That plaintiff, John W. Goodspeed, shall forthwith purchase for defendant, Peggy R. Goodspeed, 1 breakfast nook set consisting of a table and 4 chairs as may be selected by said defendant, Peggy R. Goodspeed, the cost thereof to not exceed the sum of $100."

The decree was entered January 9, 1942. Two years and eight months later, plaintiff having refused to comply with the above provision, the defendant filed a petition in the circuit court for Kent county asking that plaintiff be adjudged to be in contempt of court. Order to show cause was issued, to which plaintiff filed answer in the form of an affidavit denying the allegations in the petition and attempting therein to claim as a defense that the defendant had not complied with other provisions of the decree. On September 27, 1944, the circuit

judge in lieu of adjudging the plaintiff in contempt entered the following order:

"It is ordered that Peggy R. Goodspeed, defendant herein, shall within 30 days from the 25th day of September, 1944, select a breakfast nook set consisting of a table and 4 chairs, and that upon the selection of said table and 4 chairs by defendant, said plaintiff is required forthwith to pay for the same but not to exceed the sum of $100.

"It is further ordered that after the selection of said breakfast nook set by said defendant, the bill for the same is to be presented to plaintiff, or his counsel Allaben & Wiarda and that said plaintiff shall forthwith pay said bill, but not to exceed the sum of $100, or in default thereof, said plaintiff shall forthwith deposit with the clerk of said court a sum equal to said bill and not in excess of $100.

Plaintiff has not yet complied with this order, or the provision in the decree to which it relates. The proofs indicate that the defendant at one time selected a breakfast nook set and notified plaintiff where to pay the $100, but that plaintiff refused to do so except on certain self-imposed conditions not in accordance with the decree. Instead, three days after the above order was entered plaintiff filed a petition asking that the defendant be adjudged in contempt of court for failure and neglect to comply with certain other provisions in the decree, specifically to execute certain quitclaim deeds and to "deliver possession" of certain household furniture and equipment to the plaintiff. On this petition an order to show cause was issued, the defendant filed an affidavit in answer, the court heard the matter, testimony was taken, and an order entered denying the petition. From these two orders plaintiff appeals.

Plaintiff admits having failed or refused to comply both with the decree and the order requiring him

to pay for the breakfast nook set. This order from which plaintiff appeals does not adjudge plaintiff guilty of contempt, but on the contrary merely directs him to comply with the decree. Plaintiff says that the order requiring him to deposit $100 with the clerk of the court is a void attempt to amend the decree of this court. We do not agree. The order provides in the alternative that plaintiff should either pay the bill for the breakfast nook set when presented or pay the money into court. He may choose the first alternative and thus comply with the decree. Plaintiff further says that this is an attempt to enforce a property settlement by contempt proceedings. If so, plaintiff is seeking the same remedy against the defendant, by appealing from an order denying his petition to have the defendant adjudged guilty of contempt for failure to comply with other provisions in similar paragraphs in the same part of the decree. Plaintiff will not be heard to take such contrary and inconsistent positions on the same issue. Under the circumstances, there is no merit in this claim. This order is affirmed.

Plaintiff also appeals from the order denying his petition to have the defendant adjudged in contempt of court. The decree as entered in this case was prepared and proposed by counsel for plaintiff and entered with approval. One of its provisions is that certain real estate shall be the property of the plaintiff and that the defendant shall "execute" quitclaim deeds of her interest therein to plaintiff, or that in lieu thereof a certified copy of the decree may be recorded with like effect. Plaintiff says that the defendant is in contempt for failure to "execute" these quitclaim deeds, but plaintiff has never so requested or presented such deeds to defendant for execution. An equally frivolous claim is made by

plaintiff that the defendant has failed and neglected to "deliver and turn over" some certain furniture and personal property to him, a grass rug, banjo, tool chest, fishing rods, reels, assorted camping equipment, an old radio valued at $2.50, and about three dozen other small articles including a tent, boots, wool socks, shirt, skis, a $2 lamp, and a dog kennel. It appears that this property was not in the home of the parties with other household goods and furniture but was stored in a house owned by defendant's father in his lifetime which had been vacant for nine years and so far as defendant knows it is still there. Plaintiff has made no effort to take possession of this stuff, has never demanded or requested it of the defendant, and now takes the position that defendant is in contempt of court for failing to remove this property from where it was left by the plaintiff and deliver it to the plaintiff at such destination as he may request. The decree does not so require.

Plaintiff's excuse for not paying the $100 for the breakfast nook set selected by defendant was that he did not have the money. This does not match up with plaintiff's obviously exaggerated estimate of $1,500 as the value of the aforesaid furniture and other personal property which he has made no effort to obtain from the defendant. Plaintiff's failure to respect the terms of the decree is inspired by personal animus and malice toward the defendant, rather than any conscientious effort to end this litigation.

The orders appealed from are affirmed and the case remanded for further proceedings for enforcement thereof. Appellee may have costs of both courts. We consider this appeal to be frivolous and vexatious (3 Comp. Laws 1929, § 15450 [Stat. Ann.

1943 Rev. § 27.2539]; *Galvin* v. *Gregorian Building Co.*, 275 Mich. 369). Appellee will recover $50 additional costs.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred.